UNITED STATES of America, Plaintiff–Appellee,

v.

Miguel Angel ARELLANO–TORRES, Defendant–Appellant.

No. 01–10705.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Filed Sept. 18, 2002.

---

Ronald C. Rachow, Assistant United States Attorney, Reno, NV, for the plaintiff-appellee.

Michael K. Powell, Assistant Federal Public Defender, Reno, NV, for the defendant-appellant.

Before: FISHER and PAEZ, Circuit Judges, and WHELAN, District Judge.[*]

FISHER, Circuit Judge.

Miguel Arellano–Torres challenges his sentence for illegal reentry into the United States in violation of 8 U.S.C. § 1326. His appeal presents the question of whether his 1999 Nevada conviction for simple drug possession is an aggravated felony as defined by 8 U.S.C. § 1101(a)(43). We hold that it is and affirm the sentence. We also reject Arellano's contention that the district court erred in imposing a consecutive sentence.

## FACTUAL & PROCEDURAL BACKGROUND

Three crimes are relevant to understanding Arellano's challenges to his sentence: Arellano's 1999 Nevada conviction for possession of a controlled substance, his 2000 Nevada conviction for drug trafficking and his 2001 federal conviction for illegal reentry into the United States.

In the fall of 1999, Nevada authorities arrested Arellano for possessing a controlled substance in violation of Nevada Revised Statutes ("NRS") 453.336. He was convicted and sentenced to 12 to 48 months custody in the Nevada State Prison. However, NRS 193.130(2)(e) required the state court immediately to suspend the term of imprisonment and impose probation; Arellano received a two-year term of probation. Following his state conviction, the INS deported Arellano, an illegal alien.

About one year later, in November 2000, Nevada state authorities again arrested Arellano, this time for violation of probation and other unspecified misdemeanor charges. Apparently this brought Arellano to the attention of the federal authorities: INS agents interviewed him on November 17, and he signed a sworn affidavit admitting that he had unlawfully reentered the United States on or about September 1, 2000. Just a few days after the inter-

---

[*] The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

view, on November 24, Reno police officers arrested Arellano for driving a stolen car with about nine grams of methamphetamine on the passenger side floor.

On November 28, a Nevada state court revoked Arellano's probation for the 1999 conviction and sentenced him to 12 to 48 months in the Nevada State Prison. While Arellano was serving this sentence, the United States indicted him in January 2001 for the offense at issue in this case— illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a). He pled guilty to the federal offense on August 2, 2001.

A few days later, a Nevada state court sentenced Arellano in connection with his November 24, 2000 arrest. He pled guilty to trafficking in a controlled substance, a violation of NRS 453.3385(1), and the court sentenced him to 12 to 32 months in prison, to be served concurrently with the 12–to–48–month sentence that he was already serving for his 1999 conviction.

Arellano was finally sentenced for his federal illegal entry crime in November 2001. The probation office recommended an eight-level increase under § 2L1.2 of the United States Sentencing Guidelines (U.S.S.G.) because Arellano was deported after a conviction for "an aggravated felo-

ny." U.S.S.G. § 2L1.2 (Nov. 1, 2001).[1] The Presentence Report listed as the qualifying aggravated felony Arellano's 1999 state conviction for simple drug possession. The district court imposed the eight-level adjustment and sentenced Arellano to 24 months in federal prison, to run consecutively to his undischarged state sentence.

## STANDARD OF REVIEW

We review de novo whether Arellano's prior conviction qualifies as an aggravated felony for purposes of § 2L1.2. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc). We also review de novo the district court's interpretation and application of the Sentencing Guidelines. *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir.1999).

## ANALYSIS

*I.*

A defendant who reenters the country after being deported is punished more severely if he committed an "aggravated felony" before he was deported. 8 U.S.C. § 1326; U.S.S.G. § 2L1.2(b)(1)(C) (Nov. 1, 2001).[2] Arellano was deported after his 1999 state conviction for possession of a

---

1. Section 2L1.2 provides, in relevant part:
 If the defendant previously was deported, or unlawfully remained in the United States, after—
 (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by **16** levels; (B) a conviction for a felony drug trafficking offense for which the sentence

 imposed was 13 months or less, increase by **12** levels;
 (C) a conviction for an aggravated felony, increase by **8** levels;
 (D) a conviction for any other felony, increase by **4** levels; or
 (E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by **4** levels.
 U.S.S.G. § 2L1.2(b)(1) (Nov. 1, 2001).

2. All references to § 2L1.2 are to the November 1, 2001 version, unless otherwise indicated.

controlled substance, a violation of NRS 453.336. To determine whether that prior conviction constitutes an aggravated felony, we must first track the relevant statutory provisions.

Application Note 2 to § 2L1.2 states that " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony." U.S.S.G. § 2L1.2. Section 1101(a)(43) defines "aggravated felony" to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Therefore, to determine whether Arellano's prior conviction constitutes an aggravated felony, we are to consider whether it was (1) an "illicit trafficking" offense or (2) a "drug trafficking" offense as defined by § 924(c). Here, because we conclude that Arellano's prior conviction meets the second part of this definition, we need not address the first part.[3]

██ Section 924(c) defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 924(c)(2). Thus, a drug offense may qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) "if it is (1) punishable under the federal Controlled Substances Act and (2) a felony." *United States v. Robles–Rodriguez*, 281 F.3d 900, 903 (9th Cir.2002) (citing *United States v. Garcia–Olmedo*, 112 F.3d 399, 400 (9th

Cir.1997)); *accord United States v. Zarate–Martinez*, 133 F.3d 1194, 1200 (9th Cir.1998); *Leyva–Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir.1996). Our central task is to determine whether NRS 453.336, the statute under which Arellano was convicted, meets this two-pronged federal definition of "aggravated felony."

To resolve the first prong—whether the offense is punishable under the Controlled Substances Act—our en banc opinion in *United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001), instructs us to determine whether the "full range of conduct encompassed by" the statute of conviction—NRS 453.336—is punishable by the Controlled Substances Act. *Id.* at 907–09 (citing *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). If NRS 453.336 "reaches both conduct that would [be punishable under the Controlled Substances Act] and conduct that would not," we may examine "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Id.* at 908. Arellano does not argue that NRS 453.336 is broader than the Controlled Substances Act, so for the purposes of this appeal we assume that the first prong of the aggravated felony definition is satisfied. *Cf.* 21 U.S.C. § 844(a) (punishing possession of a controlled substance).

██ The more difficult question is "whether the conviction[ ] [is a] 'felon[y]' as that term is used in the federal statutes

---

**3.** In most of our prior decisions, we have focused on whether the prior conviction qualifies as a "drug trafficking crime," which is a subset of "illicit trafficking." *See, e.g., United States v. Robles–Rodriguez,* 281 F.3d 900, 903 (9th Cir.2002); *United States v. Rivera–Sanchez,* 247 F.3d 905, 907, 909 (9th Cir.2001) (en banc); *United States v. Ibarra–Galindo,*

206 F.3d 1337, 1339 (9th Cir.2000); *United States v. Garcia–Olmedo,* 112 F.3d 399, 400 (9th Cir.1997). We have only rarely asked whether an offense falls within the "illicit trafficking" language of the definition. *See United States v. Lomas,* 30 F.3d 1191 (9th Cir.1994), *overruled by Rivera–Sanchez,* 247 F.3d 905.

at issue here." *Robles–Rodriguez,* 281 F.3d at 903. We held in *Robles–Rodriguez* that "Congress intended the word 'felony' to describe offenses punishable by more than one year's imprisonment under applicable state or federal law." 281 F.3d at 904 (relying in part on the definition of "felony drug offense" in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country"); *see also* 18 U.S.C. § 3559(a) (classifying offenses carrying more than one year of imprisonment as felonies and one year or less of imprisonment as misdemeanors); 18 U.S.C. § 924(e)(2)(B) (defining a "violent felony" as "any crime[satisfying other conditions] punishable by imprisonment for a term exceeding one year").

■ Under federal law, possession of an unspecified type and quantity of a controlled substance is punishable by *up to one year in prison.*[4] 21 U.S.C. § 844(a) (emphasis added). If the defendant is a second- or third-offender, the maximum penalty is increased to two and three years, respectively. *Id.* Our recent en banc decision in *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002), however, establishes that "we must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements." *Id.* at

1209. Accordingly, we disregard § 844's penalties for repeat offenders. Because one year is the *maximum* term of imprisonment authorized for a first-time offender of § 844 (unless the violation involves more than three grams of cocaine base or any amount of flunitraze-pam), simple possession is not "punishable by more than one year's imprisonment under applicable ... federal law." *Robles–Rodriguez,* 281 F.3d at 904.

Possession of a controlled substance, however, may satisfy the second prong of the aggravated felony definition if it is "punishable by more than one year's imprisonment under applicable *state* ... law." *Id.* (emphasis added); *see also United States v. Ibarra–Galindo,* 206 F.3d 1337, 1339–40 (9th Cir.2000) (holding that crime that constitutes misdemeanor under federal law may nonetheless be considered aggravated felony if it qualifies as felony under state law), *cert. denied,* 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001), *overruled in part by Corona–Sanchez,* 291 F.3d at 1210. That is the case here: under Nevada law, possession of a controlled substance is a category E felony, NRS 453.336(2), which Nevada defines as "a felony for which a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years." NRS 193.130.[5]

---

**4.** However, a person convicted under [§ 844] for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years, and fined a minimum of $1,000, if the conviction is a first conviction under this subsection and the amount of the mixture or substance exceeds 5 grams. 21 U.S.C. § 844(a). Also, "any person convicted under [§ 844] for the possession of flunitraze-pam shall be imprisoned for not more than 3

years, shall be fined as otherwise provided in this section, or both." *Id.*

**5.** Citing *Ibarra–Galindo,* the government contends that simple possession in Nevada is a "felony" for federal sentencing purposes because Nevada denominates it as such. 206 F.3d at 1341. The en banc court in *Corona–Sanchez,* however, disagreed with that proposition:

It is irrelevant that California defines crimes enhanced and sentenced as felonies

"[U]pon sentencing a person who is found guilty of a category E felony, the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate." [6] *Id.* Thus, Nevada directs the trial court to sentence a first-time drug possessor to from one to four years in prison and then requires the court immediately to suspend the sentence in favor of probation. If the first-time offender violates probation, the trial court may do nothing, modify the conditions of probation or revoke probation. Upon revocation, the court may either execute the originally imposed sentence or reduce that sentence and execute the modified term of imprisonment. NRS 211A.127, 176A.630; *see also Lewis v. State*, 90 Nev. 436, 529 P.2d 796, 797 (1974) (confirming that "the law is well-established that revocation of probation is within the exercise of the trial court's broad discretionary power and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion"). Because a first-time offender's probation may be revoked in favor of imprisonment, the maximum penalty for first-time simple drug possession in Nevada is not probation but rather four years in prison.

This case is thus distinguishable from *Robles–Rodriguez*, where we held that simple drug possession in Arizona is not an aggravated felony. 281 F.3d at 902, 905–06. As in Nevada, first-time drug possession in Arizona carries a mandatory term of probation instead of imprisonment. Arizona's statutory scheme, however, is materially different from Nevada's because a first time offender in Arizona will never be incarcerated for more than one year in connection with his first-time offense, even if he repeatedly violates probation. Ariz. Rev.Stat. § 13–901.01(E); *Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055, 1058 (1999); *State v. Thomas*, 196 Ariz. 312, 996 P.2d 113, 115 (App.1999). Arizona also does not require the trial court first to impose a sentence and then to suspend it. Instead, the trial court has discretion either to decline to impose a sentence or to impose a sentence and then suspend its execution. Ariz.Rev.Stat. § 13–901.01(A) ("The court shall suspend the imposition or execution of sentence and place such person on probation."). A trial court *may* go to the trouble of imposing a sentence and then suspend it in favor of probation, but the originally imposed sentence is ultimately meaningless—a defendant will never be sent to prison in connection with a first-time drug possession offense. *State v. Thomas*, 196 Ariz. 312, 996 P.2d 113, 115 (App.1999).

In contrast, the prospect of serving the originally imposed sentence of up to four years always hangs over the head of a

under § 666 as, in fact, felonies.... Other circuits have held that it is irrelevant whether the state labels the underlying crime "misdemeanor" or "felony." ... We agree with our sister circuits. The relevant question is whether the crime meets the definition of an "aggravated felony" under federal sentencing law. 291 F.3d at 1210. Even though federal law appears to focus on the state classification, *see* 21 U.S.C. § 802(13), we rejected in *Robles–Rodriguez* the government's argument that the language of § 802(13) "mean[s] that an of-

fense is a felony under the Controlled Substance Act as long as the convicting jurisdiction labels it as such, without regard to the punishment designated for the offense." 281 F.3d at 904–05.

6. Some recidivists are not eligible for this mandatory grant of probation, *see* NRS 176A.100, but—as discussed above—*Corona–Sanchez* instructs us to focus on the first-time offender.

first-time offender in Nevada. *Cf. Parker v. State*, 109 Nev. 383, 849 P.2d 1062, 1068 (1993) (holding that probationer is "under sentence of imprisonment" for purposes of determination of death penalty aggravating circumstances); *Adams v. Warden*, 97 Nev. 171, 626 P.2d 259, 260 (1981) (holding that "probationer ... is 'under sentence of imprisonment' for purposes of determining the order in which two or more sentences are to be served"). Accordingly, a violation of NRS 453.336 is "punishable by more than one year's imprisonment," and it is thus a "felony" as defined by *Robles–Rodriguez*. 281 F.3d at 904. Because Arellano does not argue that a conviction under NRS 453.336 is not punishable by the Controlled Substances Act, we hold that his violation of NRS 453.336 constitutes an "aggravated felony" under § 1101(a)(43)(B) and § 2L1.2. *See id.* at 903. We therefore affirm the district court's imposition of the eight-level upward adjustment.

## II.

 Arellano also challenges the district court's decision making his federal sentence consecutive to his undischarged state sentence. As explained above, Arellano committed the § 1326 violation while he was on probation for his 1999 state conviction. By the time he was sentenced for the federal crime, Arellano's state probation had been revoked and he was serving the originally imposed 12 to 48 month prison term.[7] The district court imposed a consecutive sentence because Arellano had committed the federal crime while he was on state probation. We affirm.

A district court's decision to impose consecutive or concurrent sentences is gov-

erned by 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3. Section 3584 states in relevant part:

(a) ... [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) ... The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

18 U.S.C. § 3584. Section 5G1.3 reads:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) ... the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the

---

7. Arellano was concurrently serving a 12 to 32 month state sentence for his 2000 drug

trafficking offense.

prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3 (Nov. 1, 2001). Subsections (a) and (b) do not apply to Arellano, but subsection (c) does, and Application Note 6 addresses Arellano's situation:

> 6. *Revocations.* If the defendant was on federal or state probation, parole or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release. *See* § 7B1.3....

U.S.S.G. § 5G1.3, app. n. 6 (Nov. 1, 2001). Despite the mandatory tenor of Application Note 6 ("should be imposed"), we have held that a district court retains discretion to impose a consecutive or concurrent sentence.[8] *United States v. Kikuyama*, 109 F.3d 536, 537–38 (9th Cir.1997); *United States v. Wills*, 881 F.2d 823, 826 (9th Cir.1989); *see also United States v. Lail*, 963 F.2d 263 (9th Cir.1992); *United States v. Pedrioli*, 931 F.2d 31 (9th Cir.1991).

Arellano first contends that the district court failed to recognize that it possessed the discretion to impose a concurrent sentence. We disagree. The district court cited Application Note 6 during the sentencing hearing, but it also cited *Kikuyama* for the proposition that it was not compelled to impose a consecutive sen-

tence. After explicitly acknowledging that it was authorized to impose either a consecutive or concurrent sentence, the district court chose to impose a consecutive one. Thus, we do not share Arellano's concern that the district court considered itself bound by the mandatory language of Application Note 6.

Alternatively, Arellano asserts that the district court failed to comply with Application Note 3, which enumerates a number of factors a district court should consider when exercising its discretion pursuant to subsection (c). U.S.S.G. § 5G1.3 app. n. 3. Again, based on our review of the sentencing transcript, we disagree. The record reflects that the court considered every relevant factor enumerated in Application Note 3 and 18 U.S.C. § 3553(a), which the application note incorporates by reference. *United States v. Chea*, 231 F.3d 531 (9th Cir.2000), cited by Arellano, is inapposite because the district court there entirely failed to consider the significance of the defendant's undischarged state sentence or § 5G1.3. *Id.* at 538.

Arellano further claims his sentence must be reversed because the district court referred to the incorrect paragraph of the Presentence Report while it was imposing the sentence. During the sentencing hearing, the district court stated that the federal sentence "shall run consecutive to the sentence imposed in the Second Judicial District Court, being paragraph 27 of the presentence report, that is the sentence the defendant is now serving." The judgment also refers to paragraph 27. Paragraph 27 of the Presen-

**8.** There is an intra-Circuit conflict—not implicated in this case because the district court exercised its discretion to follow the recommendation of Application Note 6 to impose a consecutive sentence—as to whether the district court in fact retains discretion in the face of mandatory guideline language. *Compare United States v. Wills,* 881 F.2d 823, 826 (9th Cir.1989) (relying on the language of § 3584 to hold that "a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law"), *with United States v. Gilcrist,* 106 F.3d 297, 302 (9th Cir.1997) (holding that the prior version of Application Note 6 stripped the district court of discretion to impose a concurrent sentence).

tence Report, however, refers to Arellano's *2000* drug trafficking crime, rather than his *1999* drug possession offense, which is described in paragraph *26*. The 2000 state offense does not trigger Application Note 6, whereas the 1999 offense does. We decline to reverse on the basis of the court's misstatement, however, because our review of the sentencing hearing transcript makes clear that the district court intended to refer to paragraph 26.

Finally, Arellano argues that the district court erred in imposing an indeterminate sentence. He cites no authority for the proposition that the district court was not permitted to run his determinate federal sentence consecutively to an indeterminate state sentence.

## CONCLUSION

We reject both of Arellano's challenges to his sentence. First, Arellano's possession of a controlled substance in violation of Nevada law is an aggravated felony under § 1001(a)(43)(B) because it is (1) punishable by the Controlled Substances Act and (2) punishable by more than one year's imprisonment under applicable state law. *See Robles-Rodriguez*, 281 F.3d at 903–05. Unlike Arizona, which has clearly limited punishment of first-time drug possession offenders to probation, Nevada has not. Even though Nevada requires a trial court to grant probation for first-time drug possession, it also mandates that the court first impose a term of imprisonment, which can be as long as four years. Accordingly, the maximum penalty for drug possession in Nevada is four years in prison, not probation as it is in Arizona. Second, Arellano's consecutive sentence also withstands his various allegations of error.

**AFFIRMED.**