**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Manuel BALLESTEROS–RUIZ,**
**Defendant–Appellee.**

No. 02–10273.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Filed Feb. 10, 2003.

Linda C. Boone, Assistant U.S. Attorney, Phoenix, AZ, for the plaintiff-appellant.

Atmore L. Baggot, Apache Junction, AZ, for the defendant-appellee.

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

GRABER, Circuit Judge.

Defendant Manuel Ballesteros–Ruiz was convicted of unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326(a). The district court held that Defendant's prior Arizona conviction for possession of marijuana was not an aggravated felony within the meaning of U.S.S.G. § 2L1.2 and, therefore, refused to apply an eight-level enhancement to Defendant's sentence. The government appeals that sentencing decision, and we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant is a citizen of Mexico. In June of 1996, he was convicted in Arizona state court of possession of marijuana, for which he was sentenced to one year of probation. In January of 1999, Defendant was convicted of a second Arizona marijuana-possession offense, which he had committed in April of 1997. Eight months after his second conviction, Defendant was deported.

In 2001, Defendant returned illegally to the United States. He was arrested and charged with one count of unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). Defendant pleaded guilty. The presentence report listed his second drug conviction as an "aggravated felony" meriting an eight-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2.

Defendant filed objections to the presentence report, arguing that this offense was not a felony under state law and, accordingly, could not be an aggravated felony under U.S.S.G. § 2L1.2. The district court agreed with Defendant and refused to apply the sentencing enhancement requested by the government. The government filed a timely notice of appeal.

## STANDARD OF REVIEW

■ We review de novo whether a defendant's prior conviction qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2. *United States v. Arellano–Torres*, 303 F.3d 1173, 1176 (9th Cir.2002).

## DISCUSSION

U.S.S.G. § 2L1.2 governs the sentences of previously deported aliens who have entered the United States unlawfully, in violation of 8 U.S.C. § 1326(a). Although the base offense level for this crime is eight, U.S.S.G. § 2L1.2(a), the guideline provides for various sentencing enhancements for those defendants who were previously deported after a criminal conviction. In this case, citing U.S.S.G. § 2L1.2(b)(1)(C),[1] the government asked for an eight-level enhancement on the ground that Defendant's second Arizona conviction for possession of marijuana was an "aggravated felony." Relying on this court's recent decision in *United States v. Robles–Rodriguez*, 281 F.3d 900 (9th Cir. 2002), the district court denied the government's request for an enhancement.

### A. Robles–Rodriguez

In *Robles–Rodriguez*, we analyzed whether two state drug–possession convictions, for which Arizona's Proposition 200[2]

---

1. U.S.S.G. § 2L1.2(b)(1)(C) directs the court to increase the offense level by eight levels "[i]f the defendant previously was deported ... after a conviction for an aggravated felony."

2. "Under Proposition 200, Arizona trial courts have no discretion to sentence first-time offenders to incarceration. With regard to second-time offenders, a trial court may, as a condition of probation, impose up to one year of jail time, but may not impose a prison

mandates a maximum penalty of probation, qualified as either aggravated felonies or felony offenses for purposes of U.S.S.G. § 2L1.2. *Id.* at 901–02. To arrive at our conclusion that the defendant's first and second-time Arizona drug-possession convictions were not aggravated felonies, we navigated a confusing maze of statutory cross-references.

 First, we noted that "aggravated felony" is defined for purposes of U.S.S.G. § 2L1.2 at 8 U.S.C. § 1101(a)(43). *Id.* at 903; *see* U.S.S.G. § 2L1.2, cmt. n. 1 (2000).[3] Then, we explained that 8 U.S.C. § 1101(a)(43)(B) defines "aggravated felony" as "including 'a drug trafficking crime (as defined in section 924(c) of Title 18).'" *Robles–Rodriguez,* 281 F.3d at 903. According to 18 U.S.C. § 924(c)(2), a "drug trafficking crime" means "'any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.).'" *Id.* Additionally, we noted that 21 U.S.C. § 802(13), the relevant provision of the Controlled Substances Act, states that a "felony" is "'any Federal or State offense classified by applicable Federal or State law as a felony.'" *Id.* Relying on case law and federal statutes, we held that whether the convicting jurisdiction labels the offense a felony is irrelevant. *Id.* at 903–04. Instead, an offense is to be classified as a felony for purposes of the Controlled Substances Act only if it is "punishable by more than one year's imprisonment under applicable state or federal law." *Id.* at 904.

In applying that analysis to the crimes at issue in *Robles–Rodriguez,* we declined to decide whether the possessory offenses were labeled felonies under Arizona law. *Id.* at 902 n. 2. Instead, we focused on the potential punishment. Because, under state law, the maximum penalty for the defendant's offenses was probation, they did not qualify as felonies for purposes of the Controlled Substances Act. *Id.* at 902, 905. Accordingly, the offenses also did not qualify as aggravated felonies for purposes of U.S.S.G. § 2L1.2. *Id.* at 906.

### B. *Application of* Robles–Rodriguez

The present case appears to differ little from *Robles–Rodriguez.* Here, Defendant was convicted for a second time of possession of marijuana. Under Arizona law, the maximum penalty for a second drug-possession conviction is one year of jail time. Thus, as in *Robles–Rodriguez,* Defendant's conviction was not punishable by more than one year of imprisonment under applicable state law and would not appear to qualify as a felony or an aggravated felony for purposes of U.S.S.G. § 2L1.2.

The government argues, however, that this case is factually distinguishable. In *Robles–Rodriguez,* although the relevant conviction was the defendant's second for possession of drugs, he had not yet been convicted of his first offense when he committed his second.[4] That sequence is significant because the federal drug-possession statute provides:

---

sentence." *Robles–Rodriguez,* 281 F.3d at 902 (citing *Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055, 1060, 1058 (1999)).

**3.** The defendant in *Robles–Rodriguez* was sentenced before amendments to the guideline took effect on November 1, 2001. However, the current version of the guideline, under which Defendant was sentenced, is not materially different. In application note 2, the

current guideline provides that "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2, cmt. n. 2 (2001).

**4.** The record does not reflect the facts of *Robles–Rodriguez,* but the government's characterization is neither disputed by Defendant nor dispositive. Therefore, we accept the government's description.

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance.... Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, ... except that if he commits such offense *after a prior conviction* [under federal or state law] has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years.

21 U.S.C. § 844(a) (emphasis added). Thus, in order to be treated as a recidivist under the federal statute, a defendant must commit not just a second offense, but a second offense "after a prior *conviction.*" *Id.* (emphasis added). As the government explains, had the defendant in *Robles–Rodriguez* been sentenced under federal law, he would have been treated as a first-time offender under 21 U.S.C. § 844 even though he was being sentenced for his second offense. In that circumstance, the maximum penalty to which the defendant could have been sentenced was "a term of imprisonment of not more than 1 year" and, accordingly, his second offense could not have been treated as an aggravated felony under U.S.S.G. § 2L1.2. 21 U.S.C. § 844(a).

As the government points out, Defendant's situation under federal law is different. He was convicted of his first drug-possession offense in 1996 and committed his second drug-possession offense in 1997. That is, he committed his second offense after he had already been *convicted* of his first and, therefore, would have been sentenced as a second-time offender under federal law. A second offense under 21 U.S.C. § 844(a) is punishable by "a term of imprisonment for not less than 15 days but not more than 2 years," rather than by imprisonment for less than one year. For this reason, the government argues that Defendant's case is governed not by *Robles–Rodriguez* but, instead, by *United States v. Garcia–Olmedo,* 112 F.3d 399 (9th Cir.1997), and *United States v. Zarate–Martinez,* 133 F.3d 1194 (9th Cir. 1998).

In *Garcia–Olmedo,* 112 F.3d at 402, we held that a defendant's second Arizona conviction for possession of a controlled substance constituted an aggravated felony for purposes of U.S.S.G. § 2L1.2. We did not discuss whether the defendant's state conviction was punishable under state law as a felony.[5] Instead, we analyzed only whether the offense would have been a felony had the defendant been charged with a federal crime. *Id.* at 400–01. Citing 21 U.S.C. § 844(a), we held that the defendant's second conviction for drug possession would have been a felony under federal law because that offense was punishable by up to two years' imprisonment. *Id.* at 401. Accordingly, we held that the defendant's conviction was a felony for purposes of the Controlled Substances Act and an aggravated felony for purposes of U.S.S.G. § 2L1.2. *Id.*

We reaffirmed *Garcia–Olmedo* in *Zarate–Martinez,* 133 F.3d at 1200. In that case, we held that a defendant's second California conviction for possession of cocaine would have been punishable by up to two years in prison had the defendant been convicted under 21 U.S.C. § 844(a). *Id.* Thus, we reasoned, the offense was a felony punishable under the Controlled Substances Act. *Id.* Relying on *Garcia–Olmedo,* we held that the defendant's sec-

---

5. The effective date of Arizona Proposition 200 was December 6, 1996. Ariz.Rev.Stat. § 13–901.01. Both of the defendant's convictions predated the effective date of the proposition and, accordingly, the defendant's sec-

ond conviction probably was a felony under state law as well. *Garcia–Olmedo,* 112 F.3d at 400 (noting that the defendant was convicted in 1989, 1990, and 1991 of drug offenses).

ond state drug-possession conviction was also an aggravated felony for purposes of U.S.S.G. § 2L1.2. *Id.*

The government argues that *Garcia–Olmedo* and *Zarate–Martinez* govern, because they—not *Robles–Rodriguez*—are factually identical to this case. Defendant responds by arguing that, after *Robles–Rodriguez,* it is of no consequence that his state conviction would have been punishable as a felony under federal law. He finds some support for that argument in *Robles–Rodriguez,* which suggests that, when a state conviction is not a felony under state law, the federal punishment for the offense is not germane to the aggravated felony analysis:

> [W]e think that Congress, by defining aggravated felonies with reference to state law, intended to accord respect in the federal sentencing scheme to each state's judgment regarding the appropriate punishment of criminal offenses.... [A] state's judgment about the appropriate punishment for an offense is entitled to deference in the federal sentencing scheme.
>
> Since deference is due to a state's decision to punish an offense *more* severely than would the federal government, similar deference should apply when the state's punishment is *less* severe.

*Robles–Rodriguez,* 281 F.3d at 905. Unfortunately, the *Robles–Rodriguez* opinion failed to explain how that statement could be reconciled with the holdings of *Garcia–Olmedo* and *Zarate–Martinez. See United States v. Camper,* 66 F.3d 229, 232 (9th Cir.1995) (stating the principle that one three-judge panel cannot overrule another three-judge panel).

### C. *En Banc Developments*

Despite the inconsistencies between *Robles–Rodriguez,* on the one hand, and *Garcia–Olmedo* and *Zarate–Martinez,* on the other, we can resolve this case rather simply. *Garcia–Olmedo* and *Zarate–Martinez* are no longer good law.

In *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002) (en banc), the court sitting en banc implicitly overruled those decisions by removing one of their essential premises. In *Corona–Sanchez* we held that, when evaluating whether an offense is punishable as an aggravated felony for purposes of U.S.S.G. § 2L1.2, courts "must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements." *Id.* at 1209. Thus, in evaluating the defendant's second conviction for petty theft, an offense for which the defendant received a two-year sentence pursuant to a recidivist statute, we treated the conviction as though it were the defendant's first. *Id.* at 1208–09. Because the maximum penalty under state law for a first-time petty theft offense was imprisonment for six months, we held, the defendant's second conviction was not for a felony under state law or an aggravated felony for purposes of § 2L1.2. *Id.* at 1210.

In *Arellano–Torres,* 303 F.3d at 1178, we extended the reach of *Corona–Sanchez* to the federal drug-possession statute, 21 U.S.C. § 844(a). Although a second or third conviction for possession of a controlled substance is punishable under § 844(a) by a maximum term of two or three years, respectively, this enhancement for recidivism does not mean that the second or third offense qualifies as an aggravated felony. *Arellano–Torres,* 303 F.3d at 1178. Rather, a court evaluating those offenses for purposes of U.S.S.G. § 2L1.2(b)(1)(C) must "disregard § 844's penalties for repeat offenders" and treat second and third offenses as if they were a defendant's first. *Id.* The maximum sentence for a first-time conviction under 21 U.S.C. § 844(a) is one year of imprison-

ment. Therefore, under the analysis set forth in *Arellano–Torres,* even second and third federal convictions for possession of marijuana are not felonies or aggravated felonies.

██ In summary, under the combined force of *Robles–Rodriguez* and *Arellano–Torres,* Defendant's second conviction for possession of marijuana is not a felony. A first conviction is punishable under federal law only by "a term of imprisonment of not more than 1 year." 21 U.S.C. § 844(a). A first-time conviction for simple drug possession under Arizona law is not punishable by *any* term of imprisonment. Ariz. Rev.Stat. § 13–901.01(A), (E); *Calik v. Kongable,* 195 Ariz. 496, 990 P.2d 1055, 1060 (1999). Accordingly, Defendant's conviction is not punishable under applicable state *or* federal law by more than one year's imprisonment and is, thus, neither a "felony" for purposes of the Controlled Substances Act nor a "drug trafficking crime" for purposes of 18 U.S.C. § 924(c)(2) and 8 U.S.C. § 1101(a)(43)(B). *Arellano–Torres,* 303 F.3d at 1178; *Robles–Rodriguez,* 281 F.3d at 904. In the circumstances, the district court was correct in holding that Defendant's second Arizona conviction for possession of marijuana is not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C).

AFFIRMED.