**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Heriberto RIOS–BELTRAN,**
**Defendant–Appellant.**

**No. 03–30177.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Filed March 24, 2004.

R. Wade Curtis, Belnap & Curtis, PLLC, Boise, ID, for the Defendant–Appellant.

Alan G. Burrow and Kevin T. Maloney, Assistant United States Attorneys, Boise, ID, for the Plaintiff–Appellee.

Before: HUG, GRABER, and CLIFTON, Circuit Judges.

CLIFTON, Circuit Judge:

The issue presented by this case is whether a prior conviction for a criminal offense under Oregon law is properly viewed as punishable by more than one year's imprisonment—and thus treated for federal sentencing purposes as a prior conviction for a "felony"—when the statutory maximum for that offense under Oregon law exceeds one year but the sentence that can be imposed under the Oregon's sentencing guidelines does not.

Defendant Heriberto Rios–Beltran appeals the sentence imposed on him after he pleaded guilty to unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). He had previously been convicted under Oregon law for possession of a Schedule II controlled substance. The district court held that the prior Oregon conviction was an "aggravated felony" un-

der United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2 and, accordingly, applied an eight-level enhancement in calculating Rios–Beltran's sentence.

Rios–Beltran contends that, under Oregon's sentencing guidelines, he could not have been sentenced for the prior conviction to a period of imprisonment longer than one year, so his prior conviction could not properly be treated as a felony. We conclude that it is the statutory maximum, not the range of sentences applicable under the Oregon sentencing guidelines, that determines whether a given offense qualifies as a felony for this federal sentencing purpose. We thus affirm the sentence imposed by the district court.

## I. BACKGROUND

In June 2002, Payette County, Idaho authorities advised the Immigration and Naturalization Service that defendant Rios–Beltran, a Mexican citizen, was in custody for a state offense and appeared to be in the country illegally. Rios–Beltran subsequently admitted that the United States had previously deported him twice, once in July of 1994 and again in March of 2002, and that he had reentered the country illegally in May of 2002.

Rios–Beltran was charged with unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). In January 2003, he pleaded guilty, pursuant to a written plea agreement. The pre-sentence report revealed that in 1994, Rios–Beltran was convicted of possession of a Schedule II controlled substance, a Class C felony under

Oregon law with a maximum term of imprisonment of five years. *See* O R. REV. STAT. § 475.992(4)(b); OR. REV. STAT. § 161.605(3). Rios–Beltran received a 90–day jail sentence and 18 months of probation for this Oregon state conviction.

The pre-sentence report listed this conviction as an "aggravated felony" and, under U.S.S.G. § 2L1.2,[1] calculated Rios–Beltran's base offense level as eight, increased by an additional eight levels because he was previously deported after having been convicted of an aggravated felony.

Rios–Beltran filed objections to the pre-sentence report, arguing that his prior conviction should not be treated as an aggravated felony. The district court was unpersuaded and treated the Oregon conviction as an aggravated felony. Rios–Beltran was sentenced accordingly to 18 months of confinement. He timely appealed.

## II. DISCUSSION

 We review de novo whether a defendant's prior conviction qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2. *United States v. Arellano–Torres*, 303 F.3d 1173, 1176 (9th Cir.2002), *cert. denied*, 538 U.S. 915, 123 S.Ct. 1502, 155 L.Ed.2d 241 (2003). We also review de novo the district court's interpretation and application of the Sentencing Guidelines. *Id.*

Determining whether a prior conviction constitutes an aggravated felony under § 2L1.2 requires an excursion through "a

---

1. U.S.S.G. § 2L1.2 (2001) provides in relevant part:

 *Unlawfully Entering or Remaining in the United States*
 (a) Base Offense Level: 8
 (b) Specific Offense Characteristic
 (1) Apply the Greatest:

 If the defendant previously was deported, or unlawfully remained in the United States, after—
 (A) . . .
 (B) . . .
 (C) a conviction for an aggravated felony, increase by **8** levels;
 (D) a conviction for any other felony, increase by **4** levels[.]

confusing maze of statutory cross-references." *United States v. Ballesteros–Ruiz,* 319 F.3d 1101, 1103 (9th Cir.2003). Fortunately, our prior decisions have already blazed most of the trail. Application Note 2 to § 2L1.2 states, "For purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2, cmt. n. 2 (2001). Title "8 U.S.C. § 1101(a)(43)(B) defines aggravated felony as including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Ballesteros–Ruiz,* 319 F.3d at 1103 (internal quotation marks omitted); 8 U.S.C. § 1101(a)(43)(B). Title 18 U.S.C. § 924(c)(2), in turn, provides, "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)." 18 U.S.C. § 924(c)(2); *see Ballesteros–Ruiz,* 319 F.3d at 1103. Title 21 U.S.C. § 802(13), the relevant provision of the Controlled Substances Act, states that "[t]he term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13); *see Ballesteros–Ruiz,* 319 F.3d at 1103.

█ Thus, we have interpreted the term "aggravated felony" to encompass any drug offense that is: (1) punishable under the Controlled Substances Act and (2) a felony under either federal or state law. *United States v. Robles–Rodriguez,* 281 F.3d 900, 903 (9th Cir.2002).

█ It is undisputed that Rios–Beltran's prior conviction for possession of a Schedule II controlled substance is punishable under the Controlled Substances Act. *See* 21 U.S.C. § 844(a). Because that offense is classified as a Class A misdemeanor and not as a felony under federal law, we must decide whether the conviction is considered a felony under Oregon law for purposes of U.S.S.G. § 2L1.2.

In Oregon, possession of a Schedule II controlled substance is designated a Class C felony with a statutory maximum term of imprisonment of five years. *See* OR. REV. STAT. § 475.992(4)(b); OR. REV. STAT. § 161.605(3). The designation as a "felony" under Oregon law does not establish that the prior conviction was an aggravated felony for federal sentencing purposes. "[W]hether the convicting jurisdiction labels the offense a felony is irrelevant." *Ballesteros–Ruiz,* 319 F.3d at 1103. A prior conviction is an aggravated felony for federal sentencing only if it is " 'punishable by more than one year's imprisonment under applicable state or federal law.' " *Id.* (quoting *Robles–Rodriguez,* 281 F.3d at 904).

Rios–Beltran argues that whether a simple possession conviction is punishable by more than a year's imprisonment in Oregon for purposes of § 2L1.2 should be determined by Oregon's sentencing guidelines ("Oregon Guidelines"). Not unlike the federal sentencing guidelines, the Oregon Guidelines "serve as the primary means through which[Oregon state] courts determine an offender's sentence for felony offenses." *State v. Dilts,* 336 Or. 158, 161, 82 P.3d 593, 594 (Or.2003) (quoting *State v. Ferman–Velasco,* 333 Or. 422, 41 P.3d 404, 406 (Or.2002)). Using a sentencing guidelines grid, an Oregon court calculates the defendant's presumptive prison and probation sentence based on the seriousness of the crime of conviction and the defendant's criminal history. *Id.* at 595. The sentencing court is given discretion to depart from the presumptive sentence for "substantial and compelling reasons." OR. ADMIN. R. 213–002–0001(2) (2001); OR. ADMIN. R. 213–008–0001 (2001).

Under the Oregon Guidelines, Rios–Beltran's conviction for possession of a controlled substance was assigned a crime-seriousness level of "one" and a criminal

history classification of "H." According to the guideline grid, the presumptive sentencing range was 30 to 90 days' incarceration with a maximum probation sentence of 18 months. Rios–Beltran contends that, because the maximum term of imprisonment the trial court could impose for his conviction was 90 days, which is the term he was actually sentenced to serve, his previous offense cannot be considered an aggravated felony for purposes of § 2L1.2. He also asserts that, even if an Oregon court can deviate from the sentencing guidelines for "substantial and compelling reasons," no such reasons existed with respect to his case.

The actual sentence imposed on an individual for a prior conviction, or the actual sentence that potentially could have been imposed based upon the particular facts of that person's case, is not the relevant inquiry. We look to the maximum penalty allowed by law in determining whether a prior conviction constitutes an aggravated felony under state law for purposes of § 2L1.2.[2] *Cf. United States v. Corona–Sanchez,* 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) ("[F]ederal courts do not examine the facts underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' ") (quoting *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).[3]

Rios–Beltran bases his argument primarily upon our decision in *United States v. Robles–Rodriguez,* 281 F.3d 900 (9th Cir.2002). We considered there whether a defendant's prior Arizona state drug possession convictions could constitute aggravated felonies under § 2L1.2. We concluded that for purposes of § 2L1.2, the term "aggravated felony" was "intended ... to describe offenses punishable by more than one year's imprisonment under applicable state ... law." *Id.* at 904. Both prior convictions at issue there were governed by the sentencing constraints of Proposition 200, a statute that required "Arizona courts to sentence nonviolent persons convicted of first-and second-time drug possession offenses to probation and participation in a drug treatment program." *Id.* at 902. In addition, under Proposition 200, "state trial courts have no discretion to sentence first-time offenders to incarceration." *Id.* We noted that, "even assuming Arizona continues nominally to classify offenses affected by Proposition 200 as felonies, they are no longer felonies in substance." *Id.* at 905. Without considering the sentences that the defendant had actually received for his prior drug possession convictions, we concluded that the convictions did not meet the definition of an aggravated felony because they were not subject to punishment by more than one year of imprisonment—or, indeed, any imprisonment—under Arizona law. *Id.* at 905–06.

In a later case from Arizona, *United States v. Ballesteros–Ruiz,* 319 F.3d 1101 (9th Cir.2003), we applied *Robles–Rodriguez* to affirm a district court's decision

---

**2.** Our focus on the maximum potential sentence is consistent with the approach to a number of criminal and constitutional questions, including whether the offense is an "infamous crime" requiring an indictment, *see, e.g., United States v. Ramirez,* 556 F.2d 909, 920–21 (9th Cir.1977), when a jury trial is required, *Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and whether the state must provide counsel to indigents, *Argersinger v. Hamlin,*

407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *see also* U.S. CONST. amend. V (requiring indictment for "infamous crime").

**3.** *Corona–Sanchez* involved whether a defendant's prior California theft conviction was an aggravated felony under a previous version of U.S.S.G. § 2L1.2. *Corona–Sanchez,* 291 F.3d at 1202.

that a defendant's prior conviction for possession of marijuana, although it could result in some jail time, was not an aggravated felony under § 2L1.2.

> Under Arizona law, the maximum penalty for a second drug-possession conviction is one year of jail time. Thus, as in *Robles–Rodriguez*, Defendant's conviction was not punishable by more than one year of imprisonment under applicable state law and would not appear to qualify as a felony or an aggravated felony for purposes of U.S.S.G. § 2L1.2.

*Id.* at 1103.

Oregon's laws are not the same as Arizona's, however. The maximum sentence provided under Arizona law for the prior convictions at issue in *Robles–Rodriguez* and in *Ballesteros–Ruiz* was no more than one year. By contrast, Rios–Beltran was convicted under an Oregon statute which carries a maximum term of imprisonment of five years. OR. REV. STAT. § 475.992(4)(b); OR. REV. STAT. § 161.605(3). The fact that the state's "guideline" sentence is less than that does not alter the statutory maximum. The Oregon Supreme Court has held that the maximum penalty in Oregon is the maximum term of imprisonment authorized by statute, not the most severe term available under the state's sentencing guidelines:

> [W]e conclude that neither the wording nor the structure of the sentencing guidelines or the related statutes support defendant's assertion that the legislature intended the presumptive sentences in the sentencing guidelines to constitute the statutory maximum sentences for the offenses to which they apply. Not only do the sentencing guidelines themselves authorize trial judges to impose sentences that depart from those presumptive sentences, but, in addition, the text of the related statutes demonstrates that the legislature did not intend to supplant the preexisting maximum indeterminate sentence lengths for felonies set out in ORS 161.605 when it enacted the guidelines.

*State v. Dilts*, 336 Or. 158, 82 P.3d 593, 600 (2003).

The fact that Rios–Beltran was not sentenced to a longer term or that an upward departure would not have been appropriate in his case does not gainsay the fact that what matters for federal sentencing purposes is that the statutory maximum sentence for the offense for which he was convicted exceeded one year.[4] That is

---

4. Although the statutory maximum term of imprisonment for Rios–Beltran's conviction is five years, it could be that an actual sentence could not lawfully exceed one year. The upward limit on his presumptive sentence, under the Oregon Guidelines, was 90 days. Assuming there were reasons to impose one, it appears that an upward departure could not exceed "more than double the maximum duration of the presumptive prison term," or 180 days. OR. ADMIN. R. 213–008–0003(2) (2001). Furthermore, assuming Rios–Beltran had later violated his probation, his sentence upon revocation of probation could amount to only 90 days. *See* OR. ADMIN. R. 213–010–0002(2) (2001) ("For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term.") In other words, under the Oregon Guidelines, the longest period of incarceration to which Rios–Beltran could have been sentenced might have been only 360 days. The Oregon Supreme Court has recognized the possibility that a sentencing court could attempt to impose a sentence greater than one permitted under the guidelines but still within the statutory maximum, but declined to rule on whether that would be lawful. *Dilts*, 82 P.3d at 605, n. 19 ("We express no opinion as to what result we would reach in a challenge to a sentence that *exceeds* the sentencing guidelines maximum for durational departures but is *within* the prescribed statutory maximum sentence set by ORS 161.605") (emphasis in original). Because Oregon has not ruled out the possibility of a sentence greater than one year, it would not

demonstrated by our decision in *United States v. Arellano–Torres*, 303 F.3d 1173 (9th Cir.2002), in which we considered whether a defendant's Nevada state conviction for simple drug possession was an aggravated felony under § 2L1.2. Although the applicable Nevada statutes identified the conviction as a felony, punishable by a term of imprisonment from one to four years, they also required the state court to immediately suspend the term of imprisonment and impose probation. *Id.* at 1175. Thus, assuming he did not violate probation, the defendant in that case could not be required to spend any time in jail. Under that Nevada law, however (and unlike Arizona's Proposition 200, which expressly prohibited imposition of any prison term), if a defendant violated probation, the state court had the discretion to revoke probation and execute the originally imposed sentence, which could be in excess of one year. *Id.* at 1179. Although it could not be assumed that any given defendant would violate probation, the fact that the possibility existed and that a term of imprisonment longer than one year was left hanging over the head of a convicted defendant on probation distinguished *Robles–Rodriguez.* We concluded that "the maximum penalty for first-time simple drug possession in Nevada is not probation but rather four years in prison." *Id.* Accordingly, we held that the prior conviction constituted an aggravated felony, because it was "punishable by more than one year's imprisonment under applicable state law." *Id.* at 1182.

Similarly, because the maximum penalty for Rios–Beltran's conviction under Oregon law was more than one year's imprisonment, it is properly considered an ag-

be appropriate for us to do so here, or to opine on what the effect would be for pur-

gravated felony for purposes of U.S.S.G. § 2L1.2.

## III. CONCLUSION

We agree with the district court that whether an offense is punishable by more than a year's imprisonment is not defined by the Oregon sentencing guidelines applicable to the offense, but is defined by the statutory maximum sentence applicable to the offense. Because Oregon's statutes authorize a maximum term of imprisonment of five years for Rios–Beltran's prior conviction, the conviction is for an "aggravated felony" within the meaning of U.S.S.G. '§ 2L1.2(b)(1)(C). The district court was therefore correct in applying an 8–level enhancement.

**AFFIRMED.**

poses of federal sentencing under § 2L1.2.