**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roque ABRICA–ACEVEDA,**
**Defendant–Appellant.**

No. 03–30587.

D.C. No. CR–03–30028–ALA.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

Roque Abrica–Acevedo appeals the sentence imposed following his guilty plea to illegal reentry after deportation, and pos-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

session of a firearm by an illegal alien in violation of 8 U.S.C. § 1326(a) and (b)(2) and 18 U.S.C. § 922(g)(5).

Abrica–Acevedo contends that the district court erred in enhancing his sentence by eight levels based on his prior Oregon conviction for possession of a controlled substance, because that conviction did not constitute an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) where Abrica–Acevedo was only subject to a maximum nine month sentence under Oregon's Sentencing Guidelines. Abrica–Acevedo's claim is foreclosed by our recent decision in *United States v. Rios–Beltran*, 361 F.3d 1204, 1210 (9th Cir.2004) ("[b]ecause Oregon's statutes authorize a maximum term of imprisonment [of more than one year] for [the] conviction, the conviction is for an 'aggravated felony' within the meaning of U.S.S.G. § 2L1.2(b)(1)(C).") Abrica–Aceveda's claim that *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) affects his case "is foreclosed by the express terms of *Blakely* itself." *United States v. Quintana–Quintana*, 383 F.3d 1052, 2004 WL 2047358 (9th Cir. Sept.13, 2004).

We REMAND to the district court with directions to correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

AFFIRMED in part and REMANDED in part

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.