MEMORANDUM ***
Hector Tolosa-Zavala appeals his sentence imposed following his guilty plea conviction for being an alien who was found in the United States after a previous exclusion, deportation or removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 & 18 U.S.C. § 3742(a) and affirm.
The defendant argues that the Sixth Amendment requires that a jury find beyond a reasonable doubt whether he suffered a 2001 California drug conviction. He argues that Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) does not control because he did not admit the conviction during his guilty plea and that Almendarez-Torres is no longer good law after the Apprendi line of cases. We already have rejected these arguments. See United States v. Weiland, 420 F.3d 1062, 1079-80 & n. 16 (9th Cir.2005), petition for cert. filed, — U.S. -, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006); United States v. Moreno-Hernandez, 419 F.3d 906, 914 n. 8 (9th Cir.), cert. denied, — U.S.-, 126 S.Ct. 636, 163 L.Ed.2d 515 (2005); United States v. Arellano-Rivera, 244 F.3d 1119, 1127 (9th Cir.2001); see also United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
The defendant also argues that a jury must find whether the conviction qualifies as an “aggravated felon/’ pursuant to 8 U.S.C. § 1326(b)(2) and a “drug trafficking offense” pursuant to U.S.S.G. § 2L1.2(b)(l)(A). However, we have held that this is not a jury question, but a question of law for the court.[1] United States v. Brown, 417 F.3d 1077, 1079 (9th Cir.2005); United States v. Benitez-Perez, 367 F.3d 1200, 1203 (9th Cir.2004); United States v. Arellano-Torres, 303 F.3d 1173, 1177 (9th Cir.2002).
*902 The defendant also argues that the district court erroneously increased the statutory maximum sentence pursuant to § 1326(b)(2) and increased his base offense level 16 levels pursuant to U.S.S.G. § 2L1.2(b)(l)(A) because the subsequent removals were accomplished with reinstatement of prior removal orders. This claim is foreclosed by United States v. Luna-Madellaga, 315 F.3d 1224, 1226 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. The defendant did not argue to the district court and does not argue on appeal that his state drug conviction was not an aggravated felony or drug trafficking offense. In any event, any error would be harmless. Because the district court sentenced the defendant to fewer than 10 years incarceration, it only needed to find under 8 U.S.C. § 1326(b)(1) that the conviction was a felony, which it did.