**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10230 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00329-DCB-CRP-1 |
| v. | |
| ROBERTO HERNANDEZ-RODRIGUEZ, AKA Felipe Hernandez-Rodriguez, AKA Robert Hernandez-Rodriguez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted April 17, 2012
San Francisco, California

Before: KOZINSKI, Chief Judge, McKEOWN and N.R. SMITH, Circuit Judges.

We affirm the district court's decision to impose, pursuant to U.S.S.G.

§ 2L1.2, a 16-level "crime of violence" enhancement on the sentence of Roberto

Hernandez-Rodriguez (Hernandez).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  The Florida court accepted Hernandez's guilty plea and then placed him on probation.  This qualifies as a "conviction" for purposes of U.S.S.G. § 2L1.2. *See* 8 U.S.C. § 1101(a)(48)(A); *Retuta v. Holder*, 591 F.3d 1181, 1186 (9th Cir. 2010).

2.  Hernandez's conviction qualifies as a "felony" for purposes of U.S.S.G. § 2L1.2, because the maximum penalty allowed by Florida law for the offense of attempted robbery is five years in prison, upon conviction or revocation of probation.  *See Mendez-Mendez v. Mukasey*, 525 F.3d 828, 833 (9th Cir. 2008); *United States v. Rios-Beltran*, 361 F.3d 1204, 1208 (9th Cir. 2004).

3.  Under the modified categorical approach, Hernandez's conviction qualifies as a "crime of violence," because the judicially noticeable documents, the state charging information, the order of probation, and the judgment and sentence, show that the Florida conviction necessarily rested on facts satisfying the elements of generic attempted robbery.  *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 936–37 (9th Cir. 2011) (en banc);  *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009).

**AFFIRMED.**