**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30195 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-02018-LRS-1 |
| v. | |
| URBANO DE LA CRUZ-VALLES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 30, 2016
Seattle, Washington

Before: GOODWIN, SCHROEDER, and McKEOWN, Circuit Judges.

Urban De La Cruz-Valles, a native and citizen of Mexico, entered a

conditional guilty plea to illegal reentry after deportation in violation of 8 U.S.C.

§ 1326, preserving his right to appeal. He appeals from the district court's denial

of his motion to dismiss the indictment, the applicable maximum term of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

imprisonment, and the imposed term of supervised release. We affirm the district court.

The district court did not err in denying De La Cruz-Valles's motion to dismiss the indictment because De La Cruz-Valles failed to show prejudice from any alleged due process violation at the deportation hearing. A removal order is "fundamentally unfair" if: "(1) [defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *overruled on other grounds as recognized in United States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1105 (9th Cir., 2003).

De La Cruz-Valles cannot show prejudice as a result of not having counsel at the deportation hearing because he had no plausible claim for relief from removal. Based on the lack of positive equities and the violent nature of the underlying crime, the immigration judge properly denied voluntary departure. *See United States v. Gonzalez-Flores*, 804 F.3d 920, 927–28 (9th Cir. 2015).

The Supreme Court's decision in *Almendarez-Torres v. United States* confirms the district court's ruling that De La Cruz-Valles's maximum sentence was correctly calculated at ten years. *See* 523 U.S. 224, 239–45 (1998) (holding that a sentence enhancement based on a prior conviction was not subject to the

Sixth Amendment requirement for a jury to determine the facts beyond a reasonable doubt). This court has explicitly held that although *Apprendi v. New Jersey*, 530 U.S. 466 (2000), may have questioned the validity of *Almendarez-Torres*, the *Apprendi* court stopped short of overruling *Almendarez-Torres*. *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Thus, we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it.

Finally, a district court may impose a term of supervised release for a deportable alien, despite U.S.S.G. § 5D1.1(c), if the district court articulates "a specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [the defendant's] case." *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012). The district court provided a reasoned basis for sentencing De La Cruz-Valles to supervised release and adequately explained those reasons. The court found that supervised release would deter De La Cruz-Valles from returning to the United States, stating that imposing supervised release would be "another impediment . . . precluding this defendant from returning." The district court therefore acted within its discretion by imposing a term of supervised release.

**AFFIRMED.**