**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alejandro GARCIA–PLANCARTE, Defendant—Appellant.**

No. 04–30095.
D.C. No. CR–03–30052–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 14, 2004.

USME—Office of the U.S. Attorney, Medford, OR, for Plaintiff-Appellee.

Tonia Moro, Office of the Public Defender, Medford, OR, for Defendant-Appellant.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

### MEMORANDUM *

We have repeatedly held that a state drug conviction for simple possession can constitute an "aggravated felony" within the meaning of § 2L1.2, so long as that conviction satisfies the two-pronged "aggravated felony" definition. *See, e.g., United States v. Rios–Beltran,* 361 F.3d 1204, 1207 (9th Cir.2004). Because the 2003 amendments to § 2L1.2's Application Notes did not change the manner in which "aggravated felony" is defined, this prior case law remains valid. Defendant's conviction under California law for possession of methamphetamine satisfies the two-pronged "aggravated felony" definition because the offense 1) is punishable under the Controlled Substances Act, and 2) qualifies as a "felony" because it is punishable under California law by imprisonment exceeding one year. *See id.; United States v. Ballesteros–Ruiz,* 319 F.3d 1101, 1003 (9th Cir.2003).

Our decision in *United States v. Quintana–Quintana,* 383 F.3d 1052, 1052–53 (9th Cir.2004), forecloses Defendant's argument based on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.