UNITED STATES of America,
Plaintiff–Appellee,

v.

Adrian ORTIZ–LOPEZ, Defendant–
Appellant.

No. 03–10339.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Filed Oct. 6, 2004.

Jason F. Carr, Assistant Federal Public Defender, Las Vegas, NV, for the defendant-appellant.

Robert A. Bork, Assistant United States Attorney, Las Vegas, NV, for the plaintiff-appellee.

Before: B. FLETCHER, TROTT and FISHER, Circuit Judges.

PER CURIAM:

Adrian Ortiz–Lopez challenges his conviction under 8 U.S.C. § 1326 for illegal reentry into the United States following removal. He bases his challenge on a collateral attack on the underlying removal. Ortiz–Lopez argues, and the government agrees, that in his removal proceeding the Immigration Judge ("IJ") did not inform him that he was eligible for a fast-track voluntary departure under 8 U.S.C. § 1229c(a)(1). We conclude that the district court erred in finding that because Ortiz–Lopez's previous California conviction for cocaine possession was an "aggravated felony," Ortiz–Lopez could not have been prejudiced by the IJ's failure to inform him about relief from removal. We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Ortiz–Lopez is a Mexican national who first entered the United States without admission or parole in 1994. On April 25, 2000, he was convicted in San Mateo County, California, for felony possession of a controlled substance, a violation of Cal. Health & Safety Code § 11350(a). His California conviction was based on possession of cocaine. Shortly thereafter, Ortiz–Lopez received a notice to appear from the then-Immigration and Naturalization Service ("INS"), charging him with being removable from the United States for being an alien present without being admitted or paroled, and as an alien convicted of a controlled substance violation. *See* 8 U.S.C. § 1182(a)(6)(A)(i); 8 U.S.C. § 1182(a)(2)(A)(i)(II).

On May 8, 2000, Ortiz–Lopez received a hearing before an IJ. The IJ did not inform Ortiz–Lopez that he was eligible for any form of relief from removal, including voluntary departure from the United States. The IJ ordered Ortiz–Lopez removed from the United States. Ortiz–Lopez waived his right to appeal.

Sometime thereafter, Ortiz–Lopez reentered the United States. In July 2002, the government indicted Ortiz–Lopez on a single count of unlawful reentry following removal in violation of 8 U.S.C. § 1326. Ortiz–Lopez moved to dismiss the indictment based on constitutional defects in the underlying removal proceeding. The district court adopted a magistrate judge's recommendation that the motion to dismiss be denied. In February 2003, Ortiz–Lopez entered a conditional guilty plea, preserving the right to appeal the ruling on the motion to dismiss, and thereafter timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We "review de novo a claim that defects in the underlying deportation procedure invalidated the proceeding for use in … criminal proceedings." *United States v. Garcia–Martinez*, 228 F.3d 956, 960 (2000) (internal quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

A defendant charged with illegal reentry after removal under 8 U.S.C. § 1326 may collaterally attack the removal order. *United States v. Mendoza–Lopez*, 481 U.S. 828, 837–38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). In order to sustain a collateral attack, a defendant must show (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued "improperly deprived [him] of the opportunity for judicial review" and (3)

that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). "An underlying removal order is fundamentally unfair if: (1) [an alien's] due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir.2004) (internal quotation marks omitted).

■ Ortiz–Lopez correctly argues that his due process rights were violated in the underlying deportation proceeding because the IJ failed to inform him that he was eligible for a fast-track voluntary departure in lieu of removal, under 8 U.S.C. § 1229c(a).[1] Accordingly, Ortiz–Lopez will have met all of the requirements for a successful collateral attack on his § 1326 conviction-provided he can show that he could in fact have received voluntary departure under § 1229c(a) at the time of his removal hearing.[2] See *Ubaldo–Figueroa*,

364 F.3d at 1050 ("The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is mandatory, and failure to so inform the alien of his or her eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding.") (internal quotation marks omitted); *see also Arrieta*, 224 F.3d at 1079 (holding that a due process violation arose when the IJ had not performed its mandatory obligation to inform defendant of his eligibility for relief from deportation). The government does not argue otherwise.

■ The district court, however, found that Ortiz–Lopez could not have been eligible for voluntary departure because of his prior California conviction for the possession of a controlled substance. Ortiz–Lopez's conviction under California Health & Safety Code § 11350(a) was his first conviction for possession of a controlled substance, and he received a 60–day sentence

---

1. Section 1229c(a), states that

   The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title.

   This provision was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), and permits "fast-track" voluntary departure prior or to the completion of removal proceedings to aliens who comply with the statutory and regulatory requirements. *See In re Cordova*, 22 I. & N. Dec. 966, 967, 1999 WL 590719 (BIA 1999) (en banc). Of course, if Ortiz–Lopez had departed voluntarily instead of being removed, he would not now be liable under 8 U.S.C. § 1326 for illegal reentry following removal, because he would never have been removed.

2. Ortiz–Lopez waived his right to appeal his removal to the BIA. If he were eligible for voluntary departure under § 1229c(a), howev-

er, he would be "exempted from the exhaustion requirement ... because the IJ did not inform him that he was eligible for relief from[removal]." *Ubaldo–Figueroa*, 364 F.3d at 1049. Waiver of appeal must be considered and intelligent, and "[w]e do not consider an alien's waiver of his right to appeal his deportation order to be considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the [IJ] fails to advise the alien of this possibility and give him the opportunity to develop the issue." *Id.* at 1049 (internal quotation marks omitted). Moreover, Ortiz–Lopez would have been deprived of the right to judicial review, because "an alien who is not made aware that he has a right to seek relief necessarily has no meaningful opportunity to appeal the fact that he was not advised of that right." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) (finding a deprivation of judicial review where an alien was not informed of the right to seek relief from deportation).

and three years probation. The district court considered this to be an "aggravated" felony automatically barring relief from removal under 8 U.S.C. § 1229c.[3]

Although possession of a controlled substance such as cocaine is designated as a felony under California law, under federal law a first-time conviction for possession of a controlled substance like cocaine is not a felony because it carries a sentence of under one year. 21 U.S.C. § 844(a); *see United States v. Arellano–Torres,* 303 F.3d 1173, 1177–78 (9th Cir.2002). We have recently held that "a state drug offense is not an aggravated felony for immigration purposes unless it would be punishable as a felony under the ... federal drug laws ... or is a crime involving a trafficking element". *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905 (9th Cir.2004) (holding that a similar state drug possession offense that was not a felony under federal law could not be an aggravated felony for immigration purposes). Under *Cazarez–Gutierrez,* it is clear that Ortiz–Lopez's prior conviction was not an aggravated felony in the relevant sense.

Moreover, it was clear under Board of Immigration Appeals precedent that governed the IJ at the time of Ortiz–Lopez's removal hearing that only a federal felony could constitute a "drug trafficking crime" that qualifies as an "aggravated felony" under § 1229c(a). *See In re K–V–D,* 22 I. & N. Dec. 1163, 1999 WL 1186808 (BIA 1999) (en banc). Thus, Ortiz–Lopez would not have been automatically barred from relief from removal due to his California cocaine possession conviction had he appealed to the BIA after his removal hearing.

The government argues that no IJ would have allowed Ortiz–Lopez to depart voluntarily as a discretionary matter under § 1229c(a), regardless of whether his cocaine possession conviction was an aggravated felony. As the government concedes, however, the district court should consider this argument in the first instance. *See United States v. Lopez–Vasquez,* 1 F.3d 751, 756 (9th Cir.1993) (remanding for further consideration of the prejudice issue); *United States v. Leon–Paz,* 340 F.3d 1003, 1007 (9th Cir.2003) (same). We therefore remand this case to the district court, where the government may present evidence "to demonstrate that the procedural violation could not have changed the proceedings' outcome." *United States v. Gonzalez–Valerio,* 342 F.3d 1051, (9th Cir.2003).

**REVERSED and REMANDED.**

---

**3.** Relief from removal under § 1229c(a) is categorically barred to two classes of aliens: those involved in terrorism-related activity (not at issue here), and those "deportable under section 1227(a)(2)(A)(iii)," which in turn means those "convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1229c(a); § 1227(a)(2)(A)(iii). An "aggravated felony" includes "illicit trafficking in a controlled substance ... including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(b). "Drug trafficking crime," in turn, is defined as any felony punishable under various controlled substances acts. 18 U.S.C. § 924(c)(2).