**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Carlos VASQUEZ, Defendant— Appellant.**

No. 04–10243.

D.C. No. CR–03–00133–LRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2005.

Decided Jan. 31, 2005.

Sue P. Fahami, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Juan Carlos Vasquez ("Vasquez"), a 39–year–old native and citizen of Mexico, appeals the district court's decision to enhance his sentence for violating 8 U.S.C. § 1326(a) by 8 levels due to his prior con-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

viction of an aggravated felony. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Vasquez contends that his prior conviction under Cal. Health & Safety Code § 11350(a) was not an aggravated felony, and that the district court therefore erred in enhancing his sentence. We agree. We have held that an offense is to be classified as a felony for purposes of the Controlled Substances Act only if it is "punishable by more than one year's imprisonment under applicable state or federal law." *See United States v. Ballesteros–Ruiz,* 319 F.3d 1101, 1103 (9th Cir. 2003).

The full range of conduct encompassed by § 11350 does not necessarily result in punishment of more than one year's imprisonment and therefore a conviction under § 11350 is not an aggravated felony under the categorical approach. *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc). In limited circumstances, however, we apply a modified categorical approach to go beyond the statutory elements to determine from documentation or judicially noticeable facts that a particular offense "is a predicate conviction for enhancement purposes." *Id.*

The parties appear to concede, and this record does not show otherwise, that, here, Vasquez was sentenced to "three years probation and total of 210 days jail (90 days as a condition of probation plus an additional 120 days)." *See United States v. Ortiz–Lopez,* 385 F.3d 1202, 1205 (9th Cir.2004) (holding that Ortiz–Lopez's previous conviction under § 11350(a) of 60 days and three years probation was not an aggravated felony for federal sentencing

purposes). Because Vasquez's prior sentence was for less than a year's imprisonment, we VACATE and REMAND for resentencing.[1]

---

1. On remand, the government is not precluded from adducing further documentation showing that Vasquez's prior conviction is a predicate offense for sentencing purposes. *See United States v. Matthews,* 278 F.3d 880, 889 (9th Cir.2002) (en banc) (noting "our general practice of remanding without limit-

ing the district court's sentencing discretion")."

