**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio Raul GARCIA, Defendant–Appellant.**

**No. 05–50383.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2006.

Filed June 2, 2006.

---

2. Harnden does not challenge his state conviction on the basis of 28 U.S.C. § 2254(d)(2).

Michelle P. Jennings, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kasha Pollreisz, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Julio Raul Garcia appeals his conviction for illegal reentry pursuant to 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garcia first challenges the prior removal order on the ground that the immigration judge (IJ) violated his due process rights. *See United States v. Ortiz–Lopez,* 385 F.3d 1202, 1203–04 (9th Cir.2004) (per curiam) (allowing due process collateral attack). Garcia argues that the IJ incorrectly advised him of the proper standard for relief under the Convention Against Torture and failed to advise him on the types of evidence needed to seek asylum protection. Even assuming that Garcia has alleged a cognizable due process violation, he has not shown that he suffered any prejudice. *See id.* (requiring prejudice for a collateral attack). He never represented that he would have filed an application for asylum protection if not for the IJ's alleged error. Moreover, Garcia was advised by the IJ that he should obtain legal representation and file an application for relief. Garcia declined to do so.

Next, Garcia argues that the district court improperly limited his duress defense to events that transpired in Mexico, and in doing so the court violated the "law of the case" doctrine. "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997) (internal quotation marks omitted). The law of the case doctrine is discretionary, however, and it does not apply "to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction." *United States v. Smith,* 389 F.3d 944, 949 (9th Cir.2004) (per curiam), *cert. denied,* 544 U.S. 956, 125 S.Ct. 1721, 161 L.Ed.2d 538 (2005). Here, the same district judge presided

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

over Garcia's first and second trials and was free to reconsider his prior rulings.

The district court's limitation of Garcia's duress defense to events that occurred in Mexico was not improper. The evidence showed that Garcia did not face an immediate threat of death or serious bodily injury from a Guatemalan vigilante squad when he entered the United States six weeks after his attack in Guatemala. Indeed, Garcia escaped the harm he faced in Guatemala when he fled to Mexico. The evidence presented was insufficient to permit Garcia to raise a defense that he entered the United States because he was under duress in Guatemala.

Finally, Garcia argues that his sentence was subject to a two-year maximum because he did not admit, and a jury did not find, that he had been convicted for an aggravated felony prior to his removal. Garcia's argument is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and its progeny. We have held that "a district court may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt." *United States v. Weiland,* 420 F.3d 1062, 1079 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

AFFIRMED.