**Eshwar Ram MISIR, Petitioner–Appellant,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent–Appellee.**

No. 03–17316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 2006.

Filed Aug. 7, 2006.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner–Appellant.

**590**

Cynthia M. Parsons, Office of the U.S. Attorney, Phoenix, AZ, for Respondent–Appellee.

Before: HUG, MERRITT,* and PAEZ, Circuit Judges.

## MEMORANDUM**

Eshwar Ram Misir ("Misir") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") order denying his application for cancellation of removal. On appeal, Misir claims that, due to an intervening change in law, his conviction for simple possession of a controlled substance no longer constitutes an aggravated felony, and therefore he is no longer statutorily ineligible for cancellation of removal.

The Government contests Misir's petition on two grounds. First, the Government argues that this court lacks jurisdiction to review Misir's claims because Misir filed his second habeas petition, now a petition for review, more than thirty days after the BIA issued its decision. Second, the Government argues that res judicata bars Misir's claims because this court has already, on direct appeal, addressed the issue of whether Misir's conviction constitutes an aggravated felony.

We find no merit in the Government's arguments and agree with Misir's claim. Therefore, we grant the petition for review and remand Misir's case to the BIA for further proceedings regarding Misir's application for cancellation of removal.

### 1. *Jurisdiction*

We retain jurisdiction to determine our jurisdiction. *See Aragon–Ayon v. I.N.S.,* 206 F.3d 847, 849 (9th Cir.2000).

■ Under the REAL ID Act of 2005, we convert Misir's habeas petition to a petition for review. According to section 106(c) of the REAL ID Act, "[t]he court of appeals shall treat [a] transferred [habeas] case as if it had been filed pursuant to a petition for review ..., *except that [the thirty-day filing deadline] shall not apply.*" (emphasis added); *see also Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 n. 2 (9th Cir.2005). Thus, although Misir filed his habeas petition, now a petition for review, more than thirty days after the BIA issued its final decision, we have jurisdiction to review his petition under the REAL ID Act.

### 2. *Res Judicata*

There is an exception to the doctrine of res judicata where there has been an intervening change in law. *See Clifton v. Attorney Gen. of Cal.,* 997 F.2d 660, 663 (9th Cir.1993). In *Clifton,* we recognized a "traditional exception to res judicata 'where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation.'" *Id.* (quoting *State Farm v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945)).

■ In this case, while Misir's appeal was pending, there was an intervening change in law with respect to whether Misir's conviction constitutes an aggravat-

---

* The Honorable Gilbert Stroud Merritt, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed felony.[1]  As discussed in section 3 of this disposition, under *Cazarez–Gutierrez,* Misir's conviction for simple possession of a controlled substance no longer constitutes an aggravated felony for immigration purposes.  This intervening change in law creates an "altered situation" and is sufficient to invoke the traditional exception to res judicata presented in *Clifton.*  Therefore, even though we had previously found that Misir's conviction constituted an aggravated felony, res judicata does not bar Misir's present petition, and we may review Misir's final order of removal.

### 3.  *Change in Law*

Whether an alien's prior offense qualifies as an "aggravated felony," so as to make him ineligible for cancellation of removal, is a legal question subject to de novo review.  *See Cazarez–Gutierrez,* 382 F.3d at 909.

In *Cazarez–Gutierrez,* we held that "a state drug offense is an aggravated felony for immigration purposes only if it would be punishable as a felony under *federal* drug laws or the crime contains a trafficking element."  382 F.3d at 912 (emphasis added); *see also Ferreira v. Ashcroft,* 382 F.3d 1045, 1050 (9th Cir.2004) (holding "a state drug offense is not an aggravated felony for immigration purposes unless it is punishable as a felony under the CSA or other federal drug laws . . ., or is a crime involving a trafficking element").

We already have determined that a conviction for simple possession of a controlled substance under Cal. Health & Safety Code § 11350(a) does not constitute an aggravated felony under *Cazarez–Gutierrez.  See United States v. Ortiz–Lopez,* 385 F.3d 1202, 1205 (9th Cir.2004).  In *Ortiz–Lopez,* defendant Ortiz–Lopez was convicted for possession of cocaine, a violation of Cal. Health & Safety Code § 11350(a).  *Id.* at 1203.  Relying on *Cazarez–Gutierrez,* we held that Ortiz–Lopez's conviction did not constitute an aggravated felony because a violation of section 11350(a) was not a felony under federal law and was not a crime that involved a trafficking element.  *See id.* at 1205.

Consistent with our holding in *Ortiz–Lopez,* Misir's conviction for simple possession of a controlled substance under section 11350(a) is not an aggravated felony.  Under the test we set forth in *Cazarez–Gutierrez,* Misir's conviction does not constitute an aggravated felony because it is not a felony under federal law and is not a crime involving a trafficking element.  Because Misir's conviction no longer constitutes an aggravated felony, Misir is not statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).  Therefore, we remand Misir's case to the BIA for further proceedings regarding Misir's application for cancellation of removal.

Petition **GRANTED** and **REMANDED.**

---

1.  Although we dismissed Misir's appeal for failure to prosecute, we recalled the mandate and reinstated his appeal.  Thus, Misir's petition was pending when *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905 (9th Cir.2004), was filed and neither res judicata nor *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), is a bar to his petition.