**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel Nicholas NUNGARAY– RUBALCABA, Defendant– Appellant.**

No. 06–50053.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed April 10, 2007.

Richard C. Cheng, Esq., Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Leila W. Morgan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Joel Nicholas Nungaray–Rubalcaba appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion alleges due process defects in the underlying deportation proceeding. *United States v. Camacho–Lopez,* 450 F.3d 928, 929 (9th Cir.2006).

We conclude that the district court erred in denying Nungaray–Rubalcaba's motion to dismiss the indictment, because the underlying order of deportation was invalid. We therefore reverse the conviction and sentence without addressing Nungaray–Rubalcaba's additional assignments of error.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

To challenge the validity of a prior deportation order, a defendant must show: (1) exhaustion of any available administrative remedies; (2) improper deprivation of judicial review in the underlying removal proceedings; and (3) prejudice. *See* § 1326(d); *United States v. Ortiz–Lopez,* 385 F.3d 1202, 1203–04 (9th Cir.2004) (per curiam). However, if the defendant was not informed that he or she was eligible for relief from removal during the prior proceedings, the exhaustion requirement will not bar collateral review. *See id.* at 1204 n. 2.

■ Nungaray–Rubalcaba was improperly deprived of judicial review and denied due process in the underlying deportation proceeding, because his waiver of a hearing through a written stipulation for removal was not considered and intelligent. *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004). When he signed the waiver, the INS Special Agent "failed to inform him that he was eligible for a fast-track voluntary departure in lieu of removal, under 8 U.S.C. § 1229c(a)." *Ortiz–Lopez,* 385 F.3d at 1204; *see also Ubaldo–Figueroa,* 364 F.3d at 1049–50 (holding that the failure to inform an immigrant of possible eligibility for relief from removal is a denial of due process that invalidates the underlying deportation proceeding); *United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001) (holding that a waiver of appeal is invalid if the immigrant is not advised of possible eligibility for relief from deportation). The exhaustion and deprivation requirements in § 1326(d) are therefore satisfied. *See Ortiz–Lopez,* 385 F.3d at 1204.

■ To satisfy the final requirement, prejudice, a defendant "must only show that he had a plausible ground for relief from deportation." *Ubaldo–Figueroa,* 364 F.3d at 1050 (internal quotation marks omitted). Here, Nungaray–Rubalcaba had a plausible claim for relief: pre-hearing voluntary departure under 8 U.S.C. § 1229c(a). Immigration Judges have "broad authority to grant [pre-hearing] voluntary departure," *In re Eloy Arguelles–Campos,* 22 I. & N. Dec. 811, 820 (BIA 1999), and only two classes of immigrants are ineligible for such relief, "those involved in terrorism-related activity (not at issue here), and those ... convicted of an aggravated felony." *Ortiz–Lopez,* 385 F.3d at 1204 n. 3 (internal quotation marks omitted).

Contrary to the Government's arguments, neither of Nungaray–Rubalcaba's two Idaho state law convictions for drug possession qualified as an aggravated felony at the time of his prior removal, August 26, 1999. Then and now, a drug conviction must be punishable as a felony under federal law to qualify as an aggravated felony for removal purposes. *See Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905, 919 (9th Cir.2004); *In re L–G–,* 21 I. & N. Dec. 89, 95 (BIA 1995). Although no longer the law in this Circuit, in 1999, a second drug possession conviction could qualify as an aggravated felony under 21 U.S.C. § 844(a), *see United States v. Garcia–Olmedo,* 112 F.3d 399, 400 (9th Cir.1997), *overruling recognized by United States v. Ballesteros–Ruiz,* 319 F.3d 1101, 1105–06 (9th Cir.2003), but only if the first conviction had "become final" prior to the second conviction. *See* 21 U.S.C. § 844(a); *United States v. Guzman–Colores,* 959 F.2d 132, 133 (9th Cir.1992). Here, Nungaray's first conviction had not become final prior to his second conviction because, under Idaho law, his time to file a direct appeal of the first conviction had not expired. *See State v. Jensen,* 138 Idaho 941, 71 P.3d 1088, 1090–91 (2003) (citing Idaho Appellate Rule 14(a)).

Finally, because the Government has not argued that it can rebut Nungaray's prima

facie showing of prejudice, there is no need to remand for further proceedings. *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1054 (9th Cir.2003) ("Once [the defendant] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings' outcome."); *cf. Ortiz–Lopez,* 385 F.3d at 1205 (remanding for the government to present evidence in support of its argument "that no IJ would have allowed [the defendant] to depart voluntarily as a discretionary matter under § 1229c(a), regardless of whether his cocaine possession conviction was an aggravated felony").

Because the INS's failure to inform Nungaray–Rubalcaba of his eligibility for pre-hearing voluntary departure violated his due process rights, and because this violation caused him prejudice, the underlying order of deportation cannot be used as an element of his conviction under § 1326. We therefore reverse his conviction.

**REVERSED.**