**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10491 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00203-HDM-GWF-1 |
| v. | |
| FERNANDO ROJAS-LAGUNEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Defendant-appellant Fernando Rojas-Lagunez ("Rojas") appeals the district

court's denial of his motion to dismiss his indictment under 8 U.S.C. § 1326 for

entering the country unlawfully after a prior deportation or removal, arguing that in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the removal proceeding underlying the charged offense, the Immigration Judge ("IJ") failed to advise him of the right to apply for fast track voluntary departure in lieu of formal removal proceedings, as well as his right to appeal his removal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rojas contends that he is able to establish the prejudice necessary to invalidate the removal proceedings in this collateral attack because his prior aggravated felony convictions, which the district court held barred relief, were not included in the Notice to Appear proffered to the immigration court, and it was therefore "plausible" that the IJ could have mistakenly granted him relief.

In order to show prejudice invalidating the underlying removal proceeding, Rojas was required to show that he had a "'plausible' ground for relief from [removal]." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2003) (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). However, the convictions for aggravated felonies rendered Rojas categorically barred from receiving discretionary relief in the form of voluntary departure. 8 U.S.C. § 1229c(a); *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1205 n. 3 (9th Cir. 2004) (per curiam). Where an alien is "barred from receiving relief, his claim is not 'plausible.'" *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1056 (9th Cir. 2003).

2

That he is categorically barred from eligibility for voluntary departure under the applicable statute thus means not only that Rojas *was not* prejudiced by the failure to inform him of the availability of relief, but that he indeed *could not* be prejudiced by any such failure. As such, Rojas cannot establish any plausible ground for relief, and consequently cannot carry his burden of proving that any defects in his removal proceeding prejudiced him, even if such defects resulted in due process violations. *See id.* at 1054-56.

**AFFIRMED.**