FILED

APR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

SAMUEL FRIAS-FLORES,

  Defendant - Appellant.

No. 09-50658

D.C. No. 3:09-cr-01771-W-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted February 16, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

  Appellant Samuel Frias-Flores was convicted for illegal reentry into the

United States under 8 U.S.C. § 1326(a) and was sentenced to thirty-three months in

prison. Frias-Flores brought a § 1326(d) collateral attack, challenging the

deportation proceeding underlying his § 1326(a) conviction as being

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

constitutionally deficient. We find that Frias-Flores's due process rights were violated by defects in the deportation proceeding and that Frias-Flores does state a plausible claim for relief. We reverse Frias-Flores's § 1326(a) conviction.[1]

To successfully challenge the underlying deportation hearing, Frias-Flores must (1) have "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) demonstrate that "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review"; and (3) demonstrate that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).[2]

This court has held that an alien "is exempted from the exhaustion bar" and "was deprived of the opportunity for meaningful judicial review" where the IJ "did not inform [the alien] that he was eligible for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049–50 (9th Cir. 2004). Because the IJ did not inform Frias-Flores of his statutory eligibility for pre-conclusion voluntary departure before Frias-Flores waived his right to appeal, Frias-Flores has been exempted from or met the first two requirements of 8 U.S.C. § 1326(d). *Id.*

---

[1] Because the parties are familiar with the facts, we do not recount them here.

[2] This court reviews the denial of an 8 U.S.C. § 1326(d) collateral attack de novo. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1203 (9th Cir. 2004).

Additionally, the entry of the removal order against Frias-Flores "was fundamentally unfair" under 8 U.S.C. § 1326(d) because (1) Frias-Flores's due process rights were violated by defects in his underlying deportation proceeding, and (2) Frias-Flores suffered prejudice as a result of the defects. *See Ubaldo-Figueroa*, 364 F.3d at 1048. From the record, it is clear that the IJ did not conduct the necessary evaluation of the "favorable and unfavorable factors" relevant to a decision regarding pre-conclusion voluntary departure. *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993) (citation omitted). Although the grant of pre-conclusion voluntary departure is discretionary, the IJ must "evaluat[e] all of [the favorable and unfavorable factors], assigning weight or importance to each one separately and then to all of them cumulatively." *Id.* (alteration and citation omitted). The IJ did not properly weigh both favorable and unfavorable factors here. Nor did the IJ allow Frias-Flores to introduce evidence to support his claim for voluntary departure; rather, it appears from the transcript that the only evidence before the IJ when he made that decision was "some conviction documents" provided by the government and Frias-Flores's Notice to Appear. These defects demonstrate that the deportation proceeding underlying Frias-Flores's 8 U.S.C. § 1326(a) conviction was constitutionally defective. 8 U.S.C. § 1326(d)(3); *see Ubaldo-Figueroa*, 364 F.3d at 1048.

3

Frias-Flores suffered prejudice because of the lack of due process in his deportation proceeding and that, had he been given the process required, he would have stated a "plausible" claim for voluntary departure. *Ubaldo-Figueroa*, 364 F.3d at 1050. The unfavorable factors in Frias-Flores's record are counterbalanced by the moderate nature of his crimes (i.e., no convictions for drug sales or trafficking or for violent crimes); his twenty-five year residence in the United States; the U.S. citizenship and residency of his wife, their ten children, his six siblings, and his parents' U.S. permanent residence; his work skills, certification, and work history, as reflected in the record by Social Security records and testimonials submitted by his immediate family that he is their "so[le] provider" [E.R. 123]; and his U.S. family's strong support of him [E.R. 123–153]. These favorable factors—none of which were considered by the IJ before it deprived Frias-Flores of pre-conclusion voluntary departure—render Frias-Flores's claim plausible. *See Ubaldo-Figueroa*, 364 F.3d at 1051 (finding the alien's work ethic, U.S. citizen wife and two U.S. citizen children, substantial family ties in the U.S., and his active role in this children's lives "significant" favorables).

We find that Frias-Flores's 2008 deportation order cannot be the basis of a conviction under 8 U.S.C. § 1326(a) and we reverse Frias-Flores's conviction under 8 U.S.C. § 1326.

4

REVERSED.