**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50213 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-03890-WQH-1 |
| v. | |
| PALOMON SANCHEZ-LARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 13, 2011[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioner Palomon Sanchez-Lara ("Sanchez-Lara") appeals his conviction

and sentence pursuant to 8 U.S.C. § 1326, stemming from his illegal reentry into

the United States after two prior deportations. In this appeal, Sanchez-Lara argues

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

that the underlying deportation order violated his due process rights and therefore may not be used to establish a predicate element of the illegal reentry offense. Sanchez-Lara also challenges the 90-month sentence imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

"We review de novo a district court's decision to deny a defendant's collateral attack on a deportation proceeding." *United States v. Garza-Sanchez*, 217 F.3d 806, 808 (9th Cir. 2000). In order to succeed on a collateral attack, a defendant must establish (1) that he exhausted available administrative remedies, (2) that the deportation proceedings deprived him of the opportunity for judicial review, and (3) that the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d). A defendant need not fulfill the exhaustion requirement when an IJ fails to "inform him that he [is] eligible for relief from deportation." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1049 (9th Cir. 2004). Additionally, an IJ's failure to inform a defendant of possible relief deprives him of the opportunity for judicial review. *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n.2 (9th Cir. 2004).

The entry of Sanchez-Lara's deportation order was "fundamentally unfair" if (1) his due process rights were violated by defects in the underlying deportation

proceedings, and (2) he was prejudiced by those defects. *Ubaldo-Figueroa*, 364 F.3d at 1048 (citations omitted). An individual need not prove that he "actually would have been granted relief" in order to establish prejudice, but instead must show that he had a "plausible" ground for relief from deportation. *Id.* at 1050 (citations omitted).

Sanchez-Lara argues he was eligible for relief in the form of voluntary departure. At the time his 2003 deportation order was entered, Sanchez-Lara had a conviction for corporal injury to a spouse, for which he ultimately served 293 days in jail. We find that this criminal history was not sufficiently balanced by equitable factors in his favor. We therefore conclude that Sanchez-Lara fails to establish prejudice because he did not have a plausible claim for relief through pre-conclusion voluntary departure.[1] Accordingly, his collateral attack of the 2003 deportation order fails.

Finally, we reject Sanchez-Lara's argument that the district court imposed an unreasonable sentence. We review the reasonableness of a sentence "under the deferential abuse of discretion standard." *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). The district court calculated a sentencing guideline range of

---

[1] Likewise, Sanchez-Lara could not qualify for voluntary departure at the conclusion of his proceedings, as it is not plausible that he would have established good moral character. *See* 8 U.S.C. § 1229c(b)(1)(B).

77 to 96 months. It gave a detailed statement of the 18 U.S.C. § 3553 factors and concluded that a 90-month sentence was "the minimum sentence to satisfy the 3553 factors." We conclude that the district court did not abuse its discretion in imposing the within-guideline sentence.

**AFFIRMED.**