**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50423 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02997-JLS-1 |
| v. | |
| JERONIMO HERNANDEZ-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District
Judge.[**]

After a three-day jury trial, Defendant-Appellant Jeronimo Hernandez-Reyes

was convicted of attempted illegal reentry in violation of 8 U.S.C. § 1326, and

making a false claim to United States citizenship in violation of 18 U.S.C. § 911.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

On appeal he contends that the district court erred in denying his motion to dismiss the indictment because his underlying removal order was fundamentally unfair.

An underlying removal order is fundamentally unfair if the defendant's due process rights were violated by defects in the proceeding, and if the defendant suffered prejudice as a result of those defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). Removal proceedings violate due process where the government fails to inform the defendant of his apparent eligibility for relief from removal. *See, e.g.*, *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004). To establish prejudice, however, the defendant must show that it was plausible that he would have been granted the relief sought, considering the factors relevant to that form of relief and the unique circumstances of the defendant's case. *United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1018 (9th Cir. 2011).

Hernandez-Reyes cannot show that he was prejudiced by the government's failure to inform him of his right to move to reopen the proceedings. An in absentia removal order may be rescinded only upon a motion to reopen demonstrating that the aliens's failure to appear was the result of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances are "circumstances (such as battery or extreme cruelty to the alien or any child or

2

parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1). Hernandez-Reyes missed his hearing because he had to travel from Lancaster, California, to San Diego, California. Travel difficulties generally do not amount to exceptional circumstances. *See Sharma v. INS*, 89 F.3d 545, 547–48 (9th Cir. 1996). Hernandez-Reyes has not demonstrated that his circumstances were at all similar to the circumstances in *Singh v. INS*, 295 F.3d 1037 (9th Cir. 2002), or *Chete Juarez v. Ashcroft*, 376 F.3d 944 (9th Cir. 2004).

Sufficient evidence supports both the illegal reentry and false claim to United States citizenship convictions. *See United States v. Bahena-Cardenas*, 411 F.3d 1067, 1073–76 (9th Cir. 2005) (rejecting sufficiency of evidence challenge to § 1326 conviction).

**AFFIRMED**.