NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30094 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00024-JO-1 |
| v. | |
| JOSE SALAS-SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted May 11, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CARDONE,*** District

Judge.

Jose Salas-Sanchez appeals his conviction for illegally reentering the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

United States after having been removed, in violation of 8 U.S.C. § 1326(a). This offense was predicated on a September 2011 reinstatement of a May 2011 expedited removal order. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294.

Because the parties are familiar with the facts, we do not recite them here. The district court correctly denied Salas-Sanchez's motion to dismiss the indictment under 8 U.S.C. § 1326(d), a decision we review de novo. *See United States v. Flores*, 901 F.3d 1150, 1155 (9th Cir. 2018). We need not reach the question of whether Salas-Sanchez's 2011 expedited removal proceedings violated his due process rights because Salas-Sanchez has failed to show prejudice. *Id.* at 1162 (citing *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014)).

In order to show prejudice, Salas-Sanchez must demonstrate that he had "'plausible grounds for relief' from the removal order." *Id.* (quoting *Raya-Vaca*, 771 F.3d at 1205–07). Salas-Sanchez argues that he would have plausibly been granted relief in the form of permission to withdraw his application for admission. Withdrawal is discretionary, and the agency uses six factors to guide its exercise of that discretion. *See id.*

In Salas-Sanchez's case the factors are mixed but ultimately Salas-Sanchez has not met his burden to show plausibility of relief. *See Raya-Vaca*, 771 F.3d at 1206–07. First, there are no prior findings of inadmissibility as to Salas-Sanchez,

2

weighing in favor of plausibility of relief. *See id.* at 1208. Salas-Sanchez's prior entry into the United States and the fact that he evaded lawful ports of entry in 2011 indicate both an intent to break the law and the seriousness of the violation, weighing against plausibility of relief. *See id.* Moreover, with regard to Salas-Sanchez's ability to overcome inadmissibility, while Salas-Sanchez now explains he married a United States citizen in May 2011, he made no mention of the citizenship of his wife to the immigration officers upon his apprehension, and only provided his wife's address in Mexico to the officers. Further, while Salas-Sanchez did inform the officers that his brother was living in the United States, he also told the officers that no petitions had been filed on his behalf. In any event, this factor weighs, at least somewhat, in favor of plausibility of relief. *See id.* As for age and health considerations, Salas-Sanchez concedes that his relatively young age and good health weigh against plausibility of relief. *See id.*

Most importantly, however, Salas-Sanchez's circumstances do not present significant humanitarian considerations which could counsel in favor of relief. *See id.* at 1208–09. At the time of his apprehension, Salas-Sanchez was not seeking to reunite with his family, as his wife did not reside in the United States. *Cf. id.* Rather, as he told the officers, he and his wife resided in Mexico. While Salas-Sanchez now explains that he and his wife were going to establish a life together in the United States, there is no contention or evidence that these plans were

communicated to the officers.  Without that, this factor weighs against the plausibility of discretionary relief.  *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004) (per curiam) (holding that plausibility of relief is determined by the circumstances at the time of removal proceedings).

Accordingly, it is implausible that Salas-Sanchez would have been granted relief from the September 2011 expedited removal order underlying his illegal reentry conviction.

**AFFIRMED.**