**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50238 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:18-cr-02911-WQH-1 |
| VICTOR DAVID RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 6, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Victor Rodriguez appeals his felony conviction for attempted illegal reentry

in violation of 8 U.S.C. § 1326, arguing that his underlying removals may be

collaterally attacked.  We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

A noncitizen is guilty of illegal reentry if he reenters the country after having "been denied admission, excluded, deported, or removed." 8 U.S.C. § 1326(a)(1). The noncitizen can collaterally attack the underlying removal order if "the entry of the order was fundamentally unfair." *Id.* § 1326(d). An order is fundamentally unfair if: "(1) [the noncitizen's] due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004) (citation omitted). To show prejudice, the noncitizen must show "plausible grounds for relief." *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020). We review "the denial of a motion to dismiss under 8 U.S.C. § 1326(d) de novo." *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1202 (9th Cir. 2019).

The district court correctly concluded that Rodriguez's due process rights were not violated during his 1998 and 2018 removals. He argues that the immigration court lacked jurisdiction because the initial Notices to Appear (NTAs) lacked the time, date, and address of the immigration hearing. But the Department of Justice regulations do not require the initial NTA to include the date, time, or place of the removal hearing. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1158–59

(9th Cir. 2019); 8 C.F.R. § 1003.15(b); *see also id.* § 1003.18 ("If [this] information is not contained in the Notice to Appear, the Immigration Court shall be responsible for . . . providing notice to the government and the alien of the time, place, and date of hearing."). Rodriguez does not allege that he never received this notice, and he appears to have attended both removal hearings. These removals did not deny Rodriguez due process, so they cannot be collaterally attacked under § 1326(d).

Rodriguez also cannot collaterally attack his 2015 expedited removal. He states that the immigration officer did not offer him notice and opportunity to respond and did not have him sign Form I-867B (the Record of Sworn Statement and Jurat). But even assuming without deciding that his due process rights were violated, Rodriguez suffered no prejudice because he had no "plausible grounds for relief." *See Raya-Vaca*, 771 F.3d at 1206. The only relief from expedited removal is withdrawal of an application for admission. The factors governing eligibility for withdrawal would clearly have weighed against relief, and withdrawal is at the discretion of the Attorney General. *Id.* at 1207; *see* Customs & Border Patrol, Inspector's Field Manual § 17.2, 2007 WL 7710869. Rodriguez had four felony convictions, including an immigration conviction. He had been removed from the country at least four times before. He had lied on his most recent reentry. Because

3

he had no plausible grounds for relief, the order cannot be collaterally attacked under § 1326(d).

**AFFIRMED.**