NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50345 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00653-GW-1 |
| v. | |
| ERNESTO CEJA MEDINA, AKA Ernesto Ceja, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 12, 2023
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ernesto Ceja Medina was indicted on one count of illegal reentry after removal in violation of 8 U.S.C. § 1326. He appeals the district court's denial of his motion to dismiss the indictment, claiming that his underlying order of removal was invalid because the immigration judge ("IJ") denied him due process at his removal hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of the motion to dismiss de novo. *United States v. Ramos*, 623 F.3d 672, 679 (9th Cir. 2010). A defendant charged with unlawful reentry may bring "a collateral attack challenging the validity of his underlying deportation order because it serves as a predicate element of his conviction." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012). The defendant must demonstrate, among other things, that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3).[1] The entry of a removal order is "fundamentally unfair" if the defendant suffers prejudice resulting from a due process violation. *United States v. Gonzalez-Flores*, 804 F.3d 920, 927–28 (9th Cir. 2015). To establish prejudice, a defendant "must make a 'plausible showing' that an IJ . . . would exercise discretion in the" defendant's favor, but for the

---

[1] The government contends, and the district court held, that even if Medina could show fundamental unfairness and a due process violation, he would still not be entitled to relief because he failed to show that he exhausted available administrative remedies, § 1326(d)(1), and that he was deprived of judicial review, § 1326(d)(2). Because we reject Medina's due process claim, we do not reach either of those other issues.

alleged due process violation. *Id.* at 927 (citing *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263–64 (9th Cir. 2013)).

Medina contends that he suffered prejudice because in the absence of the alleged due process violations, he could have received voluntary departure relief. We "employ a two-step process" to evaluate this argument. *Id.* First, "we consider the positive and negative factors an IJ would consider relevant to an exercise of discretion." *Id.* We can also consider positive equities that were not in the record before the IJ. *See id.* at 928. Positive equities include "long residence, close family ties to the United States, and humanitarian needs," while negative equities include "the existence, seriousness, and recency of any criminal record" and "any other evidence of bad character or the undesirability of the applicant as a permanent resident." *Rojas-Pedroza*, 716 F.3d at 1265 (citations omitted).

Medina's positive equities are minimal. At the time his removal order was entered, Medina did not have close family ties to the United States; his parents and only child resided in Mexico, and he was single. Moreover, he only lived in the United States for three years before sustaining his misdemeanor convictions. And an IJ could conclude that one of the two positive factors that Medina argues on appeal—his history of employment—carries less weight than normal here, as Medina's employment was associated with his grand theft conviction. Negative equities include Medina's DUI and grand theft convictions, and that he committed

3

the grand theft less than six months after his DUI conviction, while serving his 36-month term of probation for the DUI conviction.

Second, we determine whether, in light of these equities, Medina has "carried [his] burden of proving 'it was plausible (not merely conceivable) that the IJ would have exercised his discretion in [Medina's] favor.'" *Gonzalez-Flores*, 804 F.3d at 927. For this inquiry, "we focus on whether aliens with similar circumstances [have] received relief." *Rojas-Pedroza*, 716 F.3d at 1263. One case "that is arguably on point . . . is plainly insufficient." *United States v. Valdez-Novoa*, 780 F.3d 906, 920–21 (9th Cir. 2015).

Medina cites several cases, but none featured similar circumstances. In *United States v. Frias-Flores*, 425 F. App'x 640 (9th Cir. 2011), the petitioner had significant positive equities—such as a twenty-five-year residence in this country and close family ties to the United States through his wife, children, siblings, and parents—that are not present here. *Id.* at 643. In *Melendez-Castro*, the panel did not make a prejudice determination because the district court had not fully analyzed the issue, but nevertheless noted positive equities that are not present in Medina's case. *See* 671 F.3d at 952, 955 (noting that petitioner's mother, sister, and daughter resided in this country). In *United States v. Raya-Vaca*, 771 F.3d 1195 (9th Cir. 2014), *abrogated by Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020), the panel was not looking at factors governing voluntary

4

departures. *See id.* at 1206–07. *United States v. Monje-Campos*, No. EDCR 18-00334 JGB, 2019 WL 7576679 (C.D. Cal. June 10, 2019), is not analogous because the district court's prejudice finding was based on the IJ's failure to consider relevant equities and consideration of the legally irrelevant factor of defendant's ability to pay. *See id.* at *4–6. Instead, Medina's case is similar to *In re Martinez-Hernandez*, 2011 WL 4446883 (BIA Sept. 6, 2011), where the Board of Immigration Appeals affirmed a denial of voluntary departure noting that the defendant did not have a long residence in the United States or close family ties to this country, even though he had no criminal history. *See id.* at *1.

In sum, even assuming (without deciding) that there was a due process violation at Medina's removal hearing, Medina has not made a "'plausible showing' that an IJ presented with all of the facts would exercise discretion in [his] favor." *Gonzalez-Flores*, 804 F.3d at 927. His positive equities—including those not presented to the IJ—were outweighed by the countervailing negative ones. Moreover, he has not pointed to one case where an "alien[] [with] similar circumstances received relief." *Rojas-Pedroza*, 716 F.3d at 1263. Medina has thus failed to carry his burden on the prejudice element of his collateral challenge.

**AFFIRMED.**

5