FILED

JUL 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL GONZALEZ-MELCHOR,

Defendant - Appellant.

No. 10-50111

D.C. No. 3:09-cr-03326-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain our decision. In a separate opinion, we hold that the appellate waiver negotiated by the district court is invalid and unenforceable. Here, we hold that the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge (IJ) did not adequately advise Gonzalez-Melchor of his ability to apply for voluntary departure, and we remand for the district court to determine whether Gonzalez-Melchor was prejudiced by that failure.

Because we conclude that Gonzalez-Melchor was not adequately advised of his ability to apply for voluntary departure, his appellate waiver before the IJ is invalid, and he is exempt from the exhaustion requirement of 8 U.S.C. § 1326(d). *See United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n.2 (9th Cir. 2004) (per curiam).

An IJ must inform an alien of his or her "apparent eligibility" for relief from deportation. 8 C.F.R. § 1240.11(a)(2). "The requirement that the IJ inform an alien of his or her ability to apply for relief from removal is 'mandatory,' and '[f]ailure to so inform the alien . . . is a denial of due process that invalidates the underlying deportation proceeding.'" *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (citation omitted) (alteration in original). Here, the IJ stated, "I'm not considering you for [voluntary departure] because I . . . would not give it to you even if you asked for it . . . ." The IJ therefore clarified that he would not consider Gonzalez-Melchor for voluntary departure without conveying to him that he was apparently eligible for such relief. The IJ's failure to so inform Gonzalez-Melchor violated his due process rights because he was not granted an

2

opportunity to develop a record for voluntary departure. *See Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993).

On this record, however, it is unclear whether Gonzalez-Melchor established prejudice. *See Ubaldo-Figueroa*, 364 F.3d at 1048. "To establish prejudice, [the defendant] does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Id.* at 1050 (citation omitted). We therefore vacate and remand for the district court to address prejudice under the correct legal standard.

**VACATED and REMANDED**.

*United States v. Gonzalez-Melchor*, No. 10-50111

BYBEE, Circuit Judge, dissenting:

I agree with the majority that Gonzalez-Melchor did not waive his right to appeal, but I disagree that we cannot decide whether Gonzalez-Melchor suffered prejudice from the IJ's failure to inform him of his eligibility for voluntary departure. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) ("Where . . . the record regarding the equities to be balanced . . . is complete and the district court has already decided the issue of prejudice, we need not remand to the district court for further consideration."). The immigration judge ("IJ") asked Gonzalez-Melchor the core questions relevant to voluntary departure, giving him an opportunity to present the primary factors relevant to a voluntary departure determination: U.S. family relations, employment, time in the United States, and conviction record. *See Campos-Granillo v. INS*, 12 F.3d 849, 852 n.8 (9th Cir. 1993) (listing factors relevant to a determination of voluntary departure). From the information Gonzalez-Melchor provided the IJ, we know he had few ties to the United States, no family here, and that he had frequently crossed the border without inspection. In my view, these equities are insufficient to support a plausible claim for voluntary departure. Accordingly, I would not find prejudice, and I would affirm.