**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50071 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00088-DOC-1 |
| v. | |
| FAISAL ASHRAF, AKA Sal, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 14, 2023
Pasadena, California

Before:  O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Faisal Ashraf appeals his conviction pursuant to plea agreement on three

misdemeanor counts of intentionally accessing a computer without or in excess of

authorization with the intent to obtain information. *See* 18 U.S.C. § 1030(a)(2)(C).

Ashraf also appeals the district court's order to pay to Hewlett Packard ("HP") about

$12.6 million in restitution. The district court had jurisdiction under 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 3231. This court has jurisdiction under 28 U.S.C. § 1291. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Ashraf first challenges his conviction on the ground that the district court erred in finding the plea to have a sufficient factual basis. *See* Fed. R. Crim. P. 11(b)(3). However, Ashraf's plea agreement waived any appeal of his conviction except "based on a claim that [his] guilty pleas were involuntary." "An appeal waiver in a plea agreement is enforceable if the language of the waiver encompasses the defendant's right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Minasyan*, 4 F.4th 770, 777-78 (9th Cir. 2021) (cleaned up).

Ashraf argues that his factual-basis claim goes to knowledge and voluntariness because the factual-basis requirement is "designed to protect a defendant who is in the position of pleading [guilty] . . . without realizing that his conduct does not actually fall within the charge." *McCarthy v. United States*, 394 U.S. 459, 467 (1969). But while Rule 11(b)(3) may have the purpose of protecting uninformed defendants, it does not follow that every Rule 11(b)(3) violation renders the plea unknowing or involuntary. Here, the record shows that Ashraf was fully informed that his admitted conduct might not constitute a crime. Specifically, Ashraf waived any argument "pursuant to *United States v. Nosal*, 676 F.3d 854 (9th Cir.

2012) (en banc)," that his conduct was noncriminal. Ashraf does not challenge the district court's finding that this waiver was knowing and voluntary. Instead, he implausibly asserts that his factual-basis argument is not "pursuant to *Nosal.*" While Ashraf's opening brief does not cite *Nosal*, his argument depends on the Supreme Court's recent decision in *Van Buren v. United States*, which endorsed *Nosal*'s holding. 141 S. Ct. 1648, 1653 n.2 (2021) (noting circuit split involving *Nosal*); *id.* at 1662 (resolving the circuit split in favor of *Nosal*). Put simply, Ashraf knew his admitted conduct was arguably noncriminal, and chose to waive the argument and to plead guilty.

## II

Ashraf also challenges his conviction on the ground that the district court erred by improperly participating in plea discussions. *See* Fed. R. Crim. P. 11(c)(1). Ashraf argues that the district court's participation renders his appeal waiver invalid. *See United States v. Gonzalez-Melchor*, 648 F.3d 959, 965 (9th Cir. 2011). But in contrast to *Gonzalez-Melchor*, where the appeal waiver was "negotiated by the district court in exchange for a reduced sentence," *id.*, the district court here at most encouraged Ashraf not to move to withdraw from an existing agreement. Whether or not such after-the-fact encouragement violates Rule 11(c)(1), it cannot retroactively render a plea agreement involuntary. Since Ashraf's Rule 11(c)(1) claim does not go to knowledge or voluntariness, it is waived.

3

Even if we were to reach the merits, Ashraf has not shown prejudicial error. *See United States v. Davila*, 569 U.S. 597, 601 (2013) (holding that a Rule 11(c)(1) violation warrants vacatur only if prejudice is shown). Although the district court encouraged Ashraf to move to withdraw his plea and then discouraged him from doing so, the court later retracted its statements, offered to appoint new counsel to consult with Ashraf, provided additional time for Ashraf to consult with new counsel, and stated that it would not prejudge any motion. The court's later comments ameliorated any earlier impropriety. Ashraf has not offered any basis for concluding that he would have moved to withdraw absent the court's statements, or that the court would have granted such a motion. Since Ashraf cannot show prejudicial error, his Rule 11(c)(1) claim would fail even if not waived.

## III

Finally, Ashraf argues on various grounds that the district court's restitution order was erroneous. Although Ashraf's plea agreement waived his right to appeal "the amount and terms of any restitution order," this waiver cannot be enforced because, as the Government concedes, Ashraf did not receive "a reasonably accurate estimate of the amount of the restitution order to which he [was] exposed at the time [he agreed] to waive the appeal." *United States v. Lo*, 839 F.3d 777, 785 (9th Cir.

4

2016) (cleaned up).[1] Accordingly, we reach the merits.

Ashraf first argues that the restitution order lacked statutory authorization because HP's losses were not caused by "the specific conduct that is the basis of the offense of conviction." *United States v. Yijun Zhou*, 838 F.3d 1007, 1013 (9th Cir. 2016) (cleaned up). But restitution can be ordered for losses beyond those caused by the offense conduct if the defendant specifically consented to such restitution. *United States v. Soderling*, 970 F.2d 529, 532-33 (9th Cir. 1992). Here, Ashraf agreed to restitution "for any losses suffered" as a result of conduct "relevant" to the convictions. HP's losses resulted from Ashraf's purchases through its computer system, which related to Ashraf's convictions for accessing that system.

Ashraf also argues that the district court adopted an erroneous valuation method for HP's losses. To the contrary, the district court correctly concluded that actual losses include lost entitlement to the "higher price" for products improperly obtained at a discount. *United States v. Ali*, 620 F.3d 1062, 1069 (9th Cir. 2010). Ashraf suggests that later precedent limited losses to "lost profits on sales that would have taken place if not for the infringing conduct." *United States v. Anderson*, 741 F.3d 938, 953 (9th Cir. 2013). But *Ali* and *Anderson* do not conflict; they simply

---

[1] Ashraf raised this argument in his reply brief. No rule of this circuit required him to raise it earlier. *Cf. United States v. Desotell*, 929 F.3d 821, 826 (7th Cir. 2019) (noting circuit split regarding whether appeal waivers must be attacked in the defendant-appellant's opening brief).

involve different kinds of losses. In *Anderson*, a copyright infringer had no right to sell the product, and so the victim was entitled to the profits it would have made absent those sales. 741 F.3d at 953. In *Ali*, a discount appropriator had no right to receive the product at a discount, and, since he had already received it, the victim was entitled to the proper, higher price. 620 F.3d at 1070. *Ali* governs the present case: Ashraf did not violate a copyright, but rather obtained an improper discount.

Last, Ashraf argues that the district court unreasonably assumed that HP had the same overhead costs for products sold at a discount and products sold at the higher price.[2] But the district court assumed no such thing. Overhead costs are simply irrelevant for calculating HP's lost entitlement.

IV

The judgment of the district court is **AFFIRMED.**

---

[2] As evidence for such a disparity, Ashraf cites a colloquy from a different case in which an HP representative agreed that revenue differs from profits. Ashraf's unopposed motion for judicial notice of this colloquy (Dkt. No. 60) is **GRANTED**.